**HARRIS COUNTY TAX ASSESSOR–COL-LECTOR v. REED et al.**

No. 9711.

Court of Civil Appeals of Texas. Austin.

April 14, 1948.

Rehearing Denied April 28, 1948.

A. C. Winborn, Crim. Dist. Atty., W. K. Richardson, Asst. Crim. Dist. Atty., Ernest A. Knipp and Knipp, Poston & Broady, all of Houston, for appellant.

Ladin & Lieberman, and Seymour Lieberman, all of Houston, for appellee John C. Reed.

Dan Moody, of Austin, for Automotive Dealers Ass'n.

Price Daniel, Atty. Gen., and Ned McDaniel, Charles E. Crenshaw, and Dean J. Capp, Asst. Attys. Gen., for appellees State Highway Dept. and members of State Highway Commission.

HUGHES, Justice.

This appeal is from an order overruling a plea of privilege filed by appellant, Carl S. Smith, Harris County Tax Assessor-Collector.

John C. Reed and others, appellees, filed their petition in the court below complaining of appellant, The Texas Highway Department, the State Engineer, and the State Highway Commission.

Numerous parties were permitted to intervene and they are properly aligned with appellees.

The nature of the suit, as shown by appellees' original petition is as follows:

Appellees are dealers in automobiles; that is they purchase new and used cars for resale.

In 1947 the Legislature enacted H.B. 75, Acts of 50th Leg.Reg.Sess., p. 732, Vernon's Ann.P.C. arts. 1434, 1435, which provided, in part, that the transferee of a used motor vehicle should file the current year registration receipt and the properly assigned certificate of title with the County Tax Assessor-Collector within ten days of the transfer and pay a fifty-cent transfer fee for the transfer of registration, and providing a penalty or fee of five dollars if not filed within such time.

This Act further provided that one-half of the fees and penalties collected should be retained by the Tax Assessor-Collector as commissions for his services and the other one-half should be remitted to the Highway Department, which Department was charged with the duty of promulgating rules and regulations necessary for the effective administration of the Act and with the issuance of transfers of registration and the maintenance of records pertaining thereto.

The petition further alleges that the Highway Department set November 1, 1947, as the date upon which this law would become effective, but notwithstanding this the Harris County Tax Assessor-Collector commenced enforcement thereof on September 15, 1947. The illegality of this action is asserted. The principal contention is then made that appellees, as dealers, are exempt from payment of the fees and penalties prescribed by H.B. 75, and that the Highway Department had so construed such Act. Prayer was for a declaratory judgment as to the validity of H.B. 75 and upon the other questions of law raised by the pleading, for a temporary injunction against appellant, and for the recovery of fees and penalties wrongfully collected by appellant under this law.

The Highway Department being domiciled in Travis County, venue there as to appellant is sought to be sustained under Sub. 4, Art. 1995, Vernon's Ann.Civ.St. Under this Subdivision, providing that "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides," proof that plaintiff has a joint cause of action against the resident and non-resident

854

defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the non-resident defendant that the two may be joined to avoid a multiplicity of suits, is supplied by plaintiff's petition. Stockyards Natl. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

With this understanding of the law we overrule appellant's first point that since the fees and penalties collected by appellant under H.B. 75 would belong to Harris County, this is in reality a suit against Harris County, the venue of which would be exclusively in that county.

■ In Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 712, 172 A.L.R. 837, it is held that "The acts of officials which are not lawfully authorized are not acts of the State, and an action against the officials by one whose rights have been invaded or violated by such acts, for the determination and protection of his rights, is not a suit against the State within the rule of immunity of the State from suit."

■ These principles are applicable here. The theory of appellees' case is that appellant has acted without lawful authority and this suit is brought for the determination and protection of their rights. Decision of the issues made must await trial upon the merits, but the nature of the case pleaded is controlling upon the question of venue here presented.

The second point made by appellant is that this suit cannot be maintained in Travis County without making Harris County a party under the first sentence of Sec. 11, Art. 2524—1, Title 46A, V.A.C.S. Declaratory Judgment Act, reading: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

■ The only issue before the trial court was one of venue, which is the only issue before us. The question of the absence of necessary parties is not involved and does not affect the issue of venue. Farrell v. Lawrence, Tex.Civ.App., Ft. Worth, 97 S. W.2d 391. This point is overruled.

By appellant's remaining points it is contended that he is the only real defendant since the Highway Department has acquiesced in appellees' construction of H.B. 75, and that there has been no joint or concerted action on the part of appellant and any other defendant.

The Director of the Motor Vehicle Division of the Highway Department did testify that "our interpretation" of the law was that dealers were exempt from payment of the fees and penalties prescribed by H.B. 75.

The Highway Department has filed no answer in this cause. It has only filed a controverting affidavit to appellant's plea of privilege and there is no admission therein that appellees have correctly construed the law.

■ Under the Declaratory Judgment Act it is only necessary that a justiciable, actual, real, and bona fide controversy exist. Parks v. Francis, Tex.Civ.App., Ft. Worth, 202 S.W.2d 683. Such controversy or cause of action is neither legal nor equitable; it is sui generis. Cobb v. Harrington, supra; no relief other than a declaratory judgment need be sought. Sec. 1, Declaratory Judgment Act.

Appellant, of course, does not concede that the departmental construction of H.B. 75 is binding upon him or the courts, and we do not so consider it.

The Highway Department is, or should be, interested in sustaining the validity of the Act and the proper discharge of its duties thereunder, independently of whether or not appellees are exempted from its provisions. It is the State agency primarily charged with the administration of the law, and its financial interest is one-half of the fees and penalties collected thereunder.

■ Under these circumstances we hold that appellees have asserted and established a cause of action, under the Declaratory Judgment Act, against the Highway Department, a resident defendant; that appellant is a proper party defendant, and venue, as to him, was properly laid in Trav-

is County under Sub. 4, Art. 1995, V.A.C.S. DeMontel v. Brance, Tex.Civ.App., Galveston, 151 S.W.2d 859; Stockyards Natl. Bank v. Maples, supra; and Arterbury v. United States, Tex.Civ.App., Galveston, 194 S.W.2d 803.

The judgment of the trial court is affirmed.

Affirmed.