CITY OF SAN ANTONIO et al., Appellants,

v.

UNITED GAS PIPE LINE COMPANY,
Appellee.

No. 10961.

Court of Civil Appeals of Texas.

Austin.

Jan. 31, 1962.

Rehearing Denied Feb. 21, 1962.

**218**

———◆———

Crawford B. Reeder, City Atty., Matthews, Nowlin, MacFarlane & Barrett, P. H. Swearingen, Morrison, Dittmar, Dahlgren & Kaine, San Antonio, Hofheinz, Sears, James & Burns, Houston, Black & Stayton, Austin, for appellants.

Vinson, Elkins, Weems & Searls, H. Raybourne Thompson, Houston, Carl Wright Johnson, San Antonio, Clark, Thomas, Harris, Denius & Winters, Mary

Joe Carroll, Wallace A. McLean, James H. Keahey, Austin (W. O. Crain, Saunders Gregg, Shreveport, La., of counsel), for appellee.

HUGHES, Justice.

This is a venue case. The City of San Antonio, a municipal corporation, the City Public Service Board of San Antonio [1] and the Alamo Gas Supply Company have appealed from an order overruling their pleas of privilege to be sued in Bexar County, the county of their residence.

The suit below was instituted by the United Gas Pipe Line Company, appellee, against the Railroad Commission of Texas and appellants in the nature of an appeal [2] from the following order of the Commission entered June 26, 1961:

"IN RE: PETITION OF UNITED GAS PIPE LINE COMPANY CONCERNING FUTURE DELIVERIES OF NATURAL GAS TO THE CITY OF SAN ANTONIO BY ALAMO GAS SUPPLY COMPANY.

"WHEREAS, On the 21st day of June, 1961, the Railroad Commission of Texas received a petition, dated the 20th day of June, 1961, from United Gas Pipe Line Company requesting that the Railroad Commission of Texas hold a hearing and that upon hearing determine that it is contrary to the public interest for Alamo Gas Supply Company to construct facilities into the San Antonio area and supplant United Gas Pipe Line Company; that it is contrary to the public interest for San Antonio to obtain its natural gas from Alamo Gas Supply Company rather than continue to obtain its natural gas require-

1. The Board is an agency of the City having the powers of the City with reference to the management and operation of the electric and gas utilities. It consists of James H. Calvert, Leroy G. Denman, Jr., John M. Bennett, Jr., Melrose Holmgreen and W. W. McAllister, Mayor of the City of San Antonio.

2. "Plaintiff's action is an appeal under Article 6059 of the Revised Statutes from an order of the Commission dated June 26, 1961, and is also an action for declaratory judgment under Article 2524–1, Revised Civil Statutes." United's Original Petition.

ments from United Gas Pipe Line Company; that the contract between San Antonio and Alamo Gas Supply Company is null and void and contrary to the laws and public policy of this state and that it be disapproved; that pending a hearing and final determination, the Commission order Alamo Gas Supply Company and San Antonio not to carry out the provisions of the contract or to take any action which would in any manner affect or prejudice the ultimate determination of the validity of such contract and the public interest; and

"WHEREAS, The Commission has considered Article I, Section 26 of the Constitution of the State of Texas which provides that, 'Perpetuities and monopolies are contrary to the genius of a free people and shall never be allowed'; and

"WHEREAS, The Commission has considered Section I of Article 7428–A, Revised Civil Statutes of Texas, 1925, As Amended, which provides, 'That monopolies are contrary to the public policy of the State of Texas; and it shall hereafter be unlawful for any person, company, partnership or corporation, domestic or foreign, doing business in the transportation and/or sale of natural gas, electric current and power, telephone services, telegraph services and/or similar public utilities to wilfully and intentionally do any act whatever to prevent or hinder any legitimate competition in such business.'

"ORDER

"IT IS ORDERED, ADJUDGED AND DECREED BY THE RAILROAD COMMISSION OF TEXAS, That it is without jurisdiction of the above setout subject matter, and therefore denies the petition in its entirety."

In its original petition, filed July 3, 1961, United pled, in part:

"The action of the Commission in refusing to take jurisdiction of the matters set forth in Plaintiff's Petition and in denying Plaintiff's petition was arbitrary, capricious, contrary to the laws of this State, and in disregard of its duties, obligations and jurisdiction with respect to natural gas utilities for the following reasons:"

Many reasons are pleaded in support of the quoted allegations.

The prayer of this petition follows:

"WHEREFORE, premises considered, Plaintiff prays that the Commission, Alamo and San Antonio be cited to appear and answer herein; and that upon hearing this Court hold that the Commission acted arbitrarily in denying Plaintiff's Petition; that the Court grant the declaratory judgment requested in Paragraph 8 hereof and that it grant to Plaintiff such further relief as it may be entitled to receive."

The declaratory judgment sued for and referred to in the prayer is as follows:

"Plaintiff sues for declaratory judgment under Article 2524–1 of the Revised Civil Statutes of Texas to establish the following:

"(1) That the Commission has jurisdiction under the laws of this State to determine whether it is in the public interest for Alamo to construct facilities into the San Antonio area and whether it is in the public interest for San Antonio to obtain its natural gas requirements from Alamo rather than continuing to obtain its natural gas requirements from Plaintiff.

"(2) That the Commission has jurisdiction to disapprove the contract between San Antonio and Alamo dated June 14, 1961 as not being in the public interest.

"(3) That the Commission has jurisdiction to disapprove the contract be-

tween San Antonio and Alamo dated June 14, 1961, because it was entered into upon the basis of unlawful bid specifications and contains provisions contrary to law and in disregard of the authority of the Commission.

"(4) That the public policy of the State of Texas, as established by the Legislature, is that regulation by the Commission of gas utilities is intended to supplant wasteful duplication of facilities and service.

"(5) That the Commission has jurisdiction pending a hearing on any matter within its jurisdiction, to issue a stay order in aid of its jurisdiction."

All defendants answered this petition filed by United, the nature of such answers need not be stated because none was a plea of privilege.

■ On August 22, 1961, United filed its first amended original petition.[3]

On August 25, 1961, Alamo filed its Plea of Privilege as to the cause or causes of action sought to be alleged in paragraphs (7) through (10), page 20, of plaintiff's first amended original petition.

On August 29, 1961, the City of San Antonio and the City Public Service Board of San Antonio and its trustees filed pleas of privilege similar to the one filed by Alamo.

On September 1, 1961, United filed its controverting affidavit. Before reciting the grounds stated in this pleading for conferring venue in Travis County, we copy the paragraphs of appellee's first amended original petition to which appellants' pleas of privilege were specifically directed.[4]

"8. Plaintiff sues for declaratory judgment under Article 2524–1 of the Revised Civil Statutes of Texas to establish the following:

*   *   *   *   *   *

"(7) The action of the Board in requiring all bidders to dedicate specific gas reserves to the exclusive use of San Antonio and to agree not to sell or deliver any gas in Bexar County except to San Antonio was arbitrary and capricious, and this Court should so declare.

"(8) The contract between San Antonio and Alamo is null and void.

"(9) That because the contract between Alamo and San Antonio is void for the reasons hereinabove alleged and because Plaintiff was denied an opportunity of bidding on or obtaining the new gas supply contract without violating the law, performance by Alamo and San Antonio under such contract constitutes unlawful acts and unlawful competition which will result in irreparable harm and injury to Plaintiff.

"(10) Denial of Plaintiff of an opportunity to bid on a new gas supply contract without violating the laws of this State denied to Plaintiff due process of law and equal protection of the law as guaranteed by the Constitution of the State of Texas and the United States and such wrongful acts of the Board and the denial of any relief from such unlawful acts by the Railroad Commission will result and have the effect of taking Plaintiff's property without due process of law and the denial of equal protection of the law.

"WHEREFORE, premises considered, Plaintiff prays that the Commission, Alamo, San Antonio and the Board, having heretofore been cited to appear

---

3. On August 29, 1961, United filed a trial amendment to this petition. The trial was on September 7, 1961. See Rule 66, Texas Rules of Civil Procedure. In any event, the trial amendment became a part of the petition it amended and no additional pleas of privilege were required of appel-

lants by reason of the filing of the trial amendment.

4. To make these paragraphs of the pleading more understandable we also insert the first sentence of paragraph 8 and the prayer of this petition.

and having answered herein, no citation is necessary; that upon hearing this Court hold that the Commission acted arbitrarily in denying Plaintiff's Petition; that the Court grant the declaratory judgment requested in Paragraph 8 hereof; that the Court enjoin Alamo, San Antonio and the Board from proceeding under the contract dated June 14, 1961; and that it grant to Plaintiff such further relief as it may be entitled to receive."

By its controverting plea, United seeks to sustain venue in Travis County, as against appellants' pleas of privilege, by reliance upon the residence of the Railroad Commission in Travis County and compliance with and under the provisions of Sections 4 and 29a of Art. 1995, Vernon's Ann.Civ.St.

In addition, United relies upon Art. 6059, V.A.C.S. taken in conjunction with Section 30, Art. 1995, V.A.C.S.

■ Also, United specially pleads in its controverting affidavit that appellants waived their rights, if any, to file pleas of privilege because appellants had filed answers and other pleadings in response to appellee's original petition without pleading their privilege to be sued elsewhere.

There was no waiver. United's original petition was an appeal from an order of the Railroad Commission under the express authority of Art. 6059, V.A.C.S., which fixes venue of such appeals in Travis County. The petition of United expressly describes it as being such an appeal and its allegations and prayer confirm this description of it.

It is correct that the original petition of United also sought a declaratory judgment under Art. 2524–1, V.A.C.S., but the declarations of law sought by it were, with one exception, merely affirmative specific declarations that the Commission had the jurisdiction which its order, the one appealed from, denied.

Any decision that the Commission had jurisdiction of United's complaint to it would necessarily encompass all of the matters included in it unless expressly excepted. The point is that the specific declarations of law sought would add nothing to a general decision that the Commission had jurisdiction of United's entire complaint.

■ The exception referred to was that a declaration of law was sought to the effect that the public policy of the State was that regulation by the Commission of gas utilities is intended to supplant wasteful duplication of facilities and service.

This sought declaration of law was in aid of the specific declarations which United was seeking and, in our opinion, is wholly insufficient to change or supplement the nature of its suit which was a simple appeal under Art. 6059, supra.

It would have been futile for appellants to have filed pleas of privilege to the original petition filed by United. By not doing so, and by answering, appellants acted commendably, properly and without loss of their right to complain of any future attempt to compel them to submit to improper venue of a different cause of action subsequently pleaded.

■ A different cause of action was added by those paragraphs of United's first amended original petition which we have copied. This cause of action was, primarily, for a judicial declaration that the contract between the City of San Antonio and Alamo was null and void.

This is the construction United places on its own pleading. We quote from its brief:

"Believing that the Railroad Commission has misconstrued its duty, jurisdiction and authority under Article 6050, et seq., and that the contract is against the public interest and is a nullity as a matter of law, United brought this action in the 126th District

Court of Travis County on July 3, 1961. In its original petition, United asserted a single cause of action: that the Alamo—C.P.S.B. contract is against the public interest and is illegal, null and void. As relief, United sought a holding that the Railroad Commission had jurisdiction under Article 6050, et seq., together with a declaratory judgment of the extent of the Commission's authority in light of the contract's invalidity.

\* \* \* \* \* \*

"Later, on August 22, 1961, United filed its First Amended Original Petition in which it set forth in greater detail the various grounds of invalidity of the contract. *As further relief, it sought a judicial declaration of the contract's invalidity.* Alamo, the C. P. S. B. and the City of San Antonio then, for the first time, asserted a privilege to be sued in Bexar County." (Italics ours.)

It does not require much discernment to differentiate between an appeal to determine the validity of an order of the Railroad Commission denying its jurisdiction to adjudicate that a contract between Alamo and the City of San Antonio is null and void and a judicial trial to determine the validity of such contract. In the first instance, the legality of such contract is not an issue at all. In the second instance, it is the only ultimate issue.

The remedy afforded by our declaratory judgment statutes, infra, is an "action." It is neither legal nor equitable, but is sui generis. Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837. Only courts are vested with power to render declaratory judgments, and this is so only because statutes have conferred such authority upon them. See Declaratory Relief, 19 Tex.Jur.2d p. 142 et seq.

In Alamo Express v. Union City Transfer, 158 Tex. 234, 309 S.W.2d 815, the Court recognized the distinction between an appeal from an order of the Railroad Commission under Sec. 20, Art. 911b, V. A.C.S., and a suit for a declaratory judgment. It held that the remedy provided by the appeal statutes was "exclusive," and that in such an appeal "an action for declaratory judgment does not lie."

The reasons given by the Court for such holdings are equally applicable to the appeal taken by United here under Art. 6059, supra.

The proper venue of the cause of action for a declaratory judgment, being a separate and distinct cause of action from the statutory appeal from the order of the Railroad Commission, and even though improperly joined with such appeal, must on proper challenge, be determined from the provisions of our statutes relating to venue. Declaratory Relief, 19 Tex.Jur. 2d p. 163.

We need not further notice Art. 6059 nor section 30, Art. 1995, in this regard, for even though they prescribe venue in Travis County for appeals from certain types of orders of the Railroad Commission, the pleas of privilege here do not reach and do not challenge the venue of such appeal made by United.

We may also summarily dispose of the attempted application of Section 29a, of Art. 1995 to the facts of this case. The section " \* \* \* relates only to suits brought in a county where no defendant resides or is domiciled \* \* \*." Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900. Since the Railroad Commission of Texas is a party to the suit of United for a declaratory judgment and since it, the Commission, resides in Travis County, Section 29a is inapplicable.

The only remaining point to consider is whether or not venue in Travis County is properly laid as to appellants under Sec. 4 of Art. 1995. Under this section which provides "If two or more defendants reside in different counties, suit

may be brought in any county where one of the defendants resides" it is necessary to plead and prove facts sufficient to make out a case against the resident defendant and to show that the cause of action against the nonresident defendant is so closely related that the two suits should be joined to avoid a multiplicity of suits. Atlas Roofing Co. v. Hall, 150 Tex. 611, 245 S.W.2d 477.

It is our opinion that no cause of action against the Railroad Commission for a declaratory judgment to the effect that the contract between Alamo and the City of San Antonio was null and void was pleaded or proved.

We quote from the brief of United:

"Clearly, United's First Amended Original Petition reveals a single joint cause of action or, at least, intimately connected causes of action against all of the defendants. Appellants thus direct the main force of their argument at the third venue issue: Does United have a bona fide claim against the resident defendant, the Railroad Commission? Appellants take this opportunity to go into an extended argument on the merits as to the effect of Article 6050 et seq. and the justiciable interest of United. We strongly feel that the present venue appeal is not the proper place to submit this case on the merits. As stated above, United is still attempting to uncover all the facts concerning the Alamo—C.P.S.B. contract.

"Thus far, although United is Plaintiff in the action, it has had little or no control over its lawsuit. Immediately upon United's filing the case, Defendants presented a deluge of motions and pleas, and up to this point, the Plaintiff has merely been responding to these defensive tactics—it has yet to present to the trial court its case in the affirmative. Moreover, an argument on the merits is not necessary to establish this third venue fact. United has a bona fide claim against the Railroad Commission by virtue of Article 6059, quoted above. There is no question that United is a gas utility, is a party at interest, and is dissatisfied with the Commission's order refusing to exercise its authority over the Alamo—C. P.S.B. contract. Certainly this meets the test stated in Stockyards National Bank v. Maples [127 Tex. 633, 95 S. W.2d 1300]:

"'* * * Another venue fact which the plaintiff is required to plead and prove has been added to exception 4 by judicial construction. It is that the plaintiff to prevent the change of venue must also plead and prove that he has in fact a cause of action against the resident defendant.'

"United has in fact a cause of action against the Railroad Commission because Article 6059 so provides. This statute, granting a right of review, should be liberally construed. The rule that review statutes are to be liberally construed was well stated in 33 T.L.R. 664, Non-Reviewable Administrative Action, at page 691:

"'As the object of an appeal under a review statute is simply to determine the validity of an order, if the party seeking to contest it is substantially interested in and affected by it he needs only allege its invalidity. He need not show legal injury or damages in the ordinary sense nor the effect of the order with the exactitude required in a tort action.'"

United also cites Wrather v. Humble Oil & Refining Co., 147 Tex. 144, 214 S. W.2d 112 and Harris County Tax Assessor-Collector v. Reed, Tex.Civ.App., 210 S.W. 2d 852, by this Court to sustain its position.

In Wrather the Court discussed the meaning of the term "any interested person" as used in Sec. 8 of Art. 6049c, V.A.C.S., which provides for suit against the Rail-

road Commission to test the validity of conservation laws and rules of the Commission relating to oil and gas. The suit was to set aside an order of the Commission granting a permit to drill a well. The Court held that the statute should be liberally construed.

In Harris Co. v. Reed, supra, the suit was brought in Travis County for a declaratory judgment, an injunction and for recovery of monies wrongfully withheld from appellee. The Highway Department, a resident of Travis County, and under the law entitled to one half of the money sued for, was a defendant as was the tax collector of Harris County who filed a plea of privilege. Reed, as well as the Highway Department, controverted this plea of privilege. The Highway Department alleged its right to one half of the money involved and that it was a necessary and proper party to the suit for declaratory judgment and that the suit was properly brought in Travis County where it resided and had its domicile. We held that venue was properly laid in Travis County under Sec. 4 of Art. 1995.

We do not believe the facts in Reed parallel those found here. No exclusive appeal statute or procedure was involved there. The pecuniary interest of the Highway Department in Reed is not similarly owned or claimed by the Railroad Commission here. In fact, the Railroad Commission disclaims any interest in the controversy between United and Alamo regarding the validity of its contract with the City of San Antonio.

United takes as its basic position in this case that the Railroad Commission has jurisdiction of the petition which it presented to the Commission. It has appealed under Art. 6059 from an order of the Commission respecting this petition. " * * * Article 6059 and allied statutes prescribe the exclusive statutory judicial remedy for all persons and parties who wish to attack this order." Lone Star Gas Co. v. State, 137 Tex. 279, 313, 153 S.W.2d 681, 699.

As long as United challenges the order of the Commission it is our opinion that its exclusive available remedy is provided for in Art. 6059. This remedy, or cause of action, does not include a suit for declaratory judgment against the Commission under Art. 2524–1.

It is our opinion that the Trial Court erred in overruling appellants' pleas of privilege. It is accordingly ordered that the orders appealed from be reversed and this cause is remanded with instructions to sustain appellants' pleas of privilege and to transfer the suit as to these appellants, and only as to those portions of appellee's pleadings to which such pleas were directed, to any Civil District Court of Bexar County in accordance with the provisions of Rule 89, T.R.C.P.

Reversed and remanded with Instructions.