CITY OF HOUSTON, Appellant

v.

Donald CLARK, Appellee.

No. 14–03–00399–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 24, 2004.

Rehearing En Banc Overruled Aug. 26, 2004.

---

Timothy J. Higley, Dola J. Young, Houston, for appellant.

E. Troy Blakeney, Richard Charles Mumey, Houston, for appellee.

Panel consists of Justices EDELMAN, FROST, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this fire fighter disciplinary action, the City of Houston (the "city") appeals a summary judgment entered in favor of Donald Clark on the grounds that: (1) an individual other than the Fire Chief may be appointed to temporarily assume the chief's duties when the chief is unavailable to perform them; and (2) the hearing examiner was without jurisdiction to rule on whether the acting fire chief had authority to suspend Clark. We dismiss this appeal for lack of jurisdiction.

## Background

In 1999, Assistant Houston Fire Department ("HFD") Chief Chris Connealy, while serving as acting fire chief, temporarily suspended Clark for a failure to follow HFD regulations. Clark appealed his suspension to a hearing examiner who found that just cause existed for the suspension, denied Clark's grievance, and concluded that the suspension should remain in place. However, the hearing examiner also found that the City erred when it allowed an acting fire chief to issue Clark's temporary suspension and, accordingly, granted Clark's motion to dismiss.[1] A summary judgment thereafter granted for Clark based on collateral estoppel was reversed by the First Court of Appeals, and the case was remanded to the District Court.

On remand, Clark filed a second motion for summary judgment, seeking a declaratory judgment that an acting fire chief, not appointed by the Mayor and confirmed by the City Council, is not within the definition of "department head" for purposes of the disciplinary statutes and therefore lacks authority to suspend members of the Fire Department. The City filed a cross motion for summary judgment and a response in which it requested a declaratory judgment that an acting fire chief has the full power and authority of the actual Fire Chief. The District Court denied the City's motion, granted Clark's, and issued a declaratory judgment that: (1) the definition of "department head" in Section 143.117 of the Local Government Code (the "code") does not include an acting fire chief who was not appointed by the Mayor or confirmed by City Council; (2) assistant fire chiefs who are temporarily appointed by the Fire Chief to be acting fire chiefs are not empowered to suspend members of the fire department; and, thus, (3) acting fire chief Connealy did not have the authority to suspend Clark. The final order also ordered Clark's suspension reversed and his wages and time reinstated.

## Jurisdiction

■ Because subject matter jurisdiction is an issue that is never presumed, cannot be waived, and may be raised for the first time on appeal, we review the jurisdiction of the District Court and this court to decide this action. *See Tex. Ass'n of Bus. v. Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex.1993).

### Hearing Examiner's Decision

■ When a fire fighter appeals a disciplinary decision to a hearing examiner rather than the Fire Fighters' and Police Officers' Civil Service Commission (the "commission"), the hearing examiner's decision is final and binding on all parties, and the fire fighter automatically waives all rights to appeal to a district court except as provided by subsection 143.1016(j) of the code. TEX. LOC. GOV'T CODE ANN. § 143.1016(c) (Vernon 1999).[2] Although it is clear that a fire fighter (or police officer) has a right under the code to appeal adverse decisions of a hearing examiner or the commission, we can find nothing in the statute to suggest that the municipality (for which the fire fighter works) has any right of appeal from such decisions. Rather, references in Chapter

---

1. Although it is not apparent from the record how the two decisions of the hearing examiner are compatible with one another, any contradiction is not material to the outcome of this appeal.

2. Under subsection (j), a district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means. *See id.* § 143.1016(j).

143 of the code to an appeal that refer to a party at all refer only to an appeal by a fire fighter or police officer and never to one by the municipality.[3] In light of the several provisions that not only expressly provide the fire fighter or police officer a right of appeal, but also specify detailed procedures and deadlines for invoking that right, the absence of even a single such provision for the municipality can reasonably be interpreted only to mean that no such right or procedures were intended or exist. Because the City thus had no right to appeal the hearing examiner's decision to the District Court, the District Court had no jurisdiction to decide that appeal, and we likewise have no jurisdiction with regard to that decision.

### Declaratory Judgment

■ Standing is a component of subject matter jurisdiction that requires a real controversy to exist between the parties that will actually be determined by the judicial declaration sought. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 517–18 (Tex.1995). If a live controversy ceases to exist in a case, the parties lack a legally cognizable interest in the outcome, or the court's actions cannot affect the rights of the parties, the case becomes moot. *Pinnacle Gas Treating, Inc. v. Read*, 104 S.W.3d 544, 545 (Tex.2003); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex.

2001). Courts have no jurisdiction to render advisory opinions on moot controversies. *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex.2000); *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex.1999). The distinctive feature of an advisory opinion is that it decides an abstract question of law without binding the parties. *Tex. Ass'n of Bus.*, 852 S.W.2d at 444. Thus, the Declaratory Judgments Act is merely a procedural device for deciding cases already within a court's jurisdiction, rather than a legislative enlargement of the court's power that would permit the rendition of advisory opinions. *Id.*

■ In this case, because the hearing examiner's decision is final and not subject to appeal, the dispute between the City and Clark with regard to his suspension is concluded and cannot be affected by any determination on the issues for which declaratory relief was sought. Therefore, the declaratory judgment rendered by the District Court is not binding on the parties with regard to any issue that is currently in dispute between them. Under these circumstances, there is no live controversy between the City and Clark regarding his suspension, and the declaratory judgment rendered by the District Court is purely advisory. Because we and the District Court have no jurisdiction to render such

---

**3.** *See, e.g.,* Tex. Loc. Gov't Code Ann. § 143.010(a) (Vernon 1999) ("if a fire fighter or police officer wants to appeal. . . ."); *id.* § 143.015(a) ("the fire fighter or police officer may file a petition in district court asking that the [commission] decision be *set aside.*"); *id.* § 143.034(a) ("If dissatisfied, the [promotional] candidate may appeal. . . ."); *id.* § 143.053(b) (Vernon Supp.2004) ("If a suspended fire fighter or police officer appeals the suspension. . . ."); *id.* § 143.118(a) (Vernon 1999) ("If a suspended fire fighter or police officer appeals a disciplinary suspension. . . ."); *id.* § 143.120(a) (Vernon Supp. 2004) ("if a suspended fire fighter or police

officer appeals. . . ."); *id.* § 143.121 (Vernon 1999) ("Each appeal of an indefinite suspension. . . ."). In *Byrd*, the Dallas Court of Appeals recognized that only the police officer or fire fighter has a right of appeal from a commission decision to the district court. *See City of Garland v. Byrd*, 97 S.W.3d 601, 607 (Tex.App.-Dallas 2002, pet. denied). However, because section 143.057(j) does not expressly restrict the right of appeal, the court interpreted it to allow the city to appeal a hearing examiner's decision in favor of the employee. *See id.* at 607–08, n. 1. For the reasons outlined above, we do not agree with this interpretation and decline to follow it.

advisory opinions, the declaratory judgment action, as well as the appeal of the hearing examiner's decision, is dismissed for lack of subject matter jurisdiction.