IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00214-CV

 

The City of Waco, Texas,

                                                                      Appellant

 v.

 

Larry Kelley,

                                                                      Appellee

 

 

 



From the 74th District Court

McLennan County, Texas

Trial Court # 2002-1959-3

 



MEMORANDUM 
Opinion



 

          Larry
Kelley is a police officer of the City of Waco.  A
dispute between them was submitted to a hearing examiner under the applicable
sections of chapter 143 of the Local Government Code.  The City filed an appeal in the district
court, which essentially affirmed the hearing examiner’s decision.  The City then filed an appeal to this court.

          Kelly
filed a plea to the jurisdiction in the trial court, which was denied.  Now he points to City of Houston v. Clark, 2004 WL 332463 (Tex. App.—Houston [14th Dist.] February 24, 2004, pet. filed), holding in similar circumstances
that a trial court has no jurisdiction because the city has no right of appeal
from a hearing examiner’s decision—only the firefighter or police officer can
appeal and then only in limited circumstances. 
Tex. Loc. Gov’t Code Ann.
§ 143.1016(c), (j) (Vernon 1999). 
But, whether he raised the jurisdictional question in the trial court,
or here, or not at all is immaterial.  See Tex. Ass'n
of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 443-44 (Tex.
1993) (may be raised for the first time on appeal by the parties or by the
court).

          Although
Clark
was decided under section 143.1016 of chapter 143, section 143.057, under which
the City of Waco purported to appeal to the district court, is
almost identical.  We will follow the Houston Court in Clark.  Thus,
we vacate the trial court’s judgment and dismiss the case in its entirety.  Tex. R.
App. P. 43.2(e); Dallas County
Appraisal Dist. v. Funds Recovery, Inc., 887 S.W.2d 465, 468 (Tex.
App.—Dallas 1994, pet. denied) (“Appellate court jurisdiction of the merits of
a case extends no further than that of the court from which the appeal is
taken.  If the trial court lacked
jurisdiction, then an appellate court only has jurisdiction to set the judgment
aside and dismiss the cause.”).

 

FELIPE REYNA

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

          (Chief Justice Gray dissenting)

Judgment
vacated; case dismissed

Opinion
delivered and filed October 29,
 2004

[CV06]






we do not believe he was harmed by the court's answer to the jury's inquiry.


 We overrule
point three.
      Having found error, we reverse the judgment and remand the case for further proceedings. 
Because the error occurred at the punishment stage, the reversal will result in a new trial as to
punishment only. See Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 1995).
 

                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed August 23, 1995
Do not publish