Opinion issued September 14, 2006














In The
Court of Appeals
For The
First District of Texas




NO. 01-05-01157-CV
____________

CITY OF PASADENA, TEXAS, Appellant

V.

RICHARD SMITH, Appellee




On Appeal from the 113th Judicial District Court
Harris County, Texas
Trial Court Cause No. 2005-26544
 

 
 
O P I N I O N
          Appellant, the City of Pasadena (the “City”), challenges the district court’s
order dismissing its appeal of a hearing examiner’s award


 in favor of appellee,
Pasadena Police Officer Richard A. Smith. In its sole issue, the City contends that
the trial court erred in holding that it did not have subject matter jurisdiction to hear
its appeal.
          We affirm.
Factual and Procedural Background
          On April 23, 2004, Pasadena Police Officer Chief M. Massey indefinitely
suspended Smith’s employment with the police department. Smith filed a grievance
objecting to the suspension and elected to appeal his suspension to an independent
hearing examiner. Smith and the City selected Daniel Pagnano from a list of hearing
examiners provided by the American Arbitration Association (the “AAA”), and, on
July 9, 2004, the AAA notified the parties that Pagnano had accepted the
appointment.
          Pagnano held a hearing on December 9, 2004 to consider Smith’s appeal of his
suspension. At the beginning of the hearing, noting the absence of Chief Massey,
Smith moved to dismiss the notice of suspension, the City’s charging instrument.
Smith argued that the City could not meet its burden of proof under section 143.1015
of the Texas Local Government Code because Massey, the author of the notice, was
not present at the hearing to offer the document into evidence.


 Smith also noted that
Massey was not available for cross-examination as to the basis for and the contents
of the notice. After reviewing section 143.1015 and hearing arguments from both
parties, Pagnano granted Smith’s motion to dismiss, found in favor of Smith, and
ordered the City to restore and reinstate Smith to his position as a police officer and
fully compensate him for lost pay and benefits resulting from the suspension.
          In a December 21, 2004 letter to the Pasadena City Civil Service Director,
Pagnano explained that he granted Smith’s motion to dismiss because
section 143.1015 “places the burden of proof on the ‘department head’ to ‘submit the
written statement and charges to the hearing examiner at the hearing’” and Chief
Massey was absent. On March 31, 2005, Pagnano issued a written decision
reiterating the ruling he made at the December 9th hearing.


 On April 7, 2005, the
AAA sent a copy of Pagnano’s decision to the City via regular United States mail,
and his decision was date-stamped as received by the City on April 11, 2005. 
          On April 20, 2005, the City, appealing Pagnano’s ruling, filed its original
petition in the district court. Relying on section 143.057(j) of the Texas Local
Government Code, the City alleged that Pagnano was “without jurisdiction over the
subject matter of this litigation, exceeded his jurisdiction and authority, . . . failed to
perform his duties, . . . and issued an order that was procured by unlawful means.”


 
The City also sought a declaratory judgment that Pagnano did not have jurisdiction
or authority to render the award and decision. Smith filed his original answer and a
cross-claim for enforcement of Pagnano’s award on June 27, 2005.
          On August 17, 2005, Smith filed a plea to the jurisdiction in which he alleged
that the City did not file its petition within the applicable time period, i.e., “within ten
days of the mailing of [Pagnano’s] decision to the City, pursuant to section 143.015
of the Texas Local Government Code.”


 In its response, the City argued that (1) a
plea to the jurisdiction was not applicable, (2) a defense based upon “statute of
limitations” is an affirmative defense, not a bar to the court’s jurisdiction, and (3) the
trial court had jurisdiction because the City was seeking a declaratory judgment. On
November 28, 2005, after a hearing, the trial court granted Smith’s plea to the
jurisdiction and dismissed the City’s lawsuit. Standard of Review 
          A plea to the jurisdiction is a dilatory plea by which a party challenges a court’s
authority to determine the subject matter of the action. Bland ISD v. Blue, 34 S.W.3d
547, 554 (Tex. 2000). The purpose of a dilatory plea is not to force the plaintiffs to
preview their case on the merits but to establish a reason why the merits should never
be reached. Id. 
          Because the question of subject matter jurisdiction is a legal question, we
review the trial court’s ruling on a plea to the jurisdiction under a de novo standard
of review. Hoff v. Nueces County, 153 S.W.3d 45, 48 (Tex. 2004); Reese v. City of
Hunter’s Creek Village, 95 S.W.3d 389, 391 (Tex. App.—Houston [1st Dist.] 2002,
pet. denied). We consider the facts alleged in the petition and, to the extent it is
relevant to the jurisdictional issue, any evidence submitted by the parties to the trial
court. Tex. Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex.
2001). 
Appeal of Hearing Examiner’s Award
           The City first argues that the trial court erred in granting Smith’s plea to the
jurisdiction because the trial court had subject matter jurisdiction to hear its appeal
of the hearing examiner’s award under Texas Local Government Code section
143.057(j). See Tex Loc. Gov’t Code Ann. §143.057(j) (Vernon Supp. 2005). The
City asserts that Texas Local Government Code section 143.1015 does not apply to
appeals brought pursuant to section 143.057(j) and that it timely filed its lawsuit.
          The Texas Legislature has set out a statutory framework in Chapter 143 of the
Texas Local Government Code to handle grievances by municipal fire fighters and
police officers in a fair, consistent, and orderly fashion. Tex. Loc. Gov’t Code Ann.
§§ 143.001–143.363 (Vernon 1999 & Supp. 2005). Section 143.010 outlines the
procedure that an officer must use to appeal a disciplinary action to the Fire Fighters’
and Police Officers’ Civil Service Commission. Id. § 143.010 (Vernon 1999). An
officer may appeal the decision of the commission to the district court for a trial de
novo. Id. § 143.015(b) (Vernon 1999). Alternatively, the officer may elect to appeal
an indefinite suspension to an independent third party hearing examiner instead of to
the commission. Id. § 143.057(a). A hearing examiner has the same duties and
powers as the commission. Id. § 143.057(f). However, if the officer decides to
appeal a disciplinary action to an independent third party hearing examiner, unlike
the commission’s decision, “[t]he hearing examiner’s decision is final and binding on
all parties” and the officer “automatically waives all rights to appeal to a district
court.” Id. § 143.057(c). A district court may “hear an appeal of a hearing
examiner’s award only on the grounds” that the hearing examiner “was without
jurisdiction or exceeded its jurisdiction or [] the order was procured by fraud,
collusion, or other unlawful means.” Id. § 143.057(c), (j).          
          Initially, we note that Smith asserts that the City “has no right to appeal a
hearing examiner’s decision to a district court under section 143.057(j). In support
of his assertion, Smith relies on City of Houston v. Clark, 142 S.W.3d 350, 353 (Tex.
App.—Houston [14th Dist.] 2004), rev’d, No. 04-0930, 2006 WL 1791698, at *4
(Tex. June 30, 2006)). In Clark, the Fourteenth Court of Appeals construed language
in section 143.1016(j) of the Texas Local Government Code, which provides in
pertinent part, “A district court may hear an appeal of a hearing examiner’s award
only on the grounds that [the hearing examiner] was without jurisdiction or exceeded
its jurisdiction or the order was procured by fraud, collusion, or other unlawful
means.” Tex. Loc. Gov’t Code Ann. § 143.1016(j) (Vernon 1999). This language
is identical to the pertinent language in section 143.057(j). Id. § 143.057(j). The
court held that section 143.1016(j) did not afford a municipality a right to appeal an
independent hearing examiner’s decision. Clark, 142 S.W.3d at 353–54. However,
the Texas Supreme Court has recently overruled the Fourteenth Court’s holding,
concluding “the general language the Legislature chose to describe the right of appeal
under section 143.1016(j) was deliberate and not intended to foreclose a
municipality’s appellate rights.” City of Houston v. Clark, No. 04-0930, 2006 WL
1791698, at *4 (Tex. June 30, 2006). Accordingly, we hold that the identical
language in section 143.057(j) does not foreclose a municipality’s right to appeal
from an independent hearing examiner’s award.
          Although the language of section 143.057(j) does not allocate the right to
appeal an independent hearing examiner’s decision to any particular party, it does
expressly restrict the scope of the appeal. See Clark, 2006 WL 1791698, at *3. As
noted above, a district court may “hear an appeal of a hearing examiner’s award only
on the grounds” that the examiner “was without jurisdiction or exceeded its
jurisdiction or that the order was procured by fraud, collusion, or other unlawful
means.” Tex. Loc. Gov’t Code Ann. § 143.057(j) (emphasis added).
          Here, the City argues that the hearing examiner exceeded his statutorily
conferred jurisdiction “by applying an unquestionably inapplicable statutory
provision and by failing to apply applicable statutory provisions.” The City is not
complaining that the hearing examiner, in ordering Smith reinstated and awarding
him lost pay and benefits, exceeded his statutorily conferred jurisdiction to rule. 
Rather, the City’s real complaint is that Pagnano erred in applying the wrong law, not
applying the appropriate law, and incorrectly interpreting the law. However, as noted
above, the relevant question under section 143.057(j) is not whether the hearing
examiner erred, but whether he had jurisdiction or exceeded his jurisdiction to rule. 
See Tex. Loc. Gov’t Code Ann. § 143.057(j). 
          Independent hearing examiners are given the power, under Chapter 143, to
apply, interpret, and enforce the rules that are contained in Chapter 143. Lindsey v.
Fireman’s and Policeman’s Civil Serv. Comm’n, 980 S.W.2d 235, 236 (Tex.
App.—Houston [14th Dist.] 1998, pet. denied). An independent hearing examiner
has no power to make rules regarding suspension or dismissal, but may apply,
interpret, and enforce the rules adopted by the commission and the legislature. City
of Garland v. Byrd, 97 S.W.3d 601, 608 (Tex. App.—Dallas 2002, pet. denied). A
complaint that an independent hearing examiner “[got] it wrong” is not the same as
a complaint that the examiner acted outside of his statutory authority. Williams v.
Houston Firemen’s Relief and Ret. Fund, 121 S.W.3d 415, 430 (Tex. App.—Houston
[1st Dist.] 2003, no pet.); see also City of Houston v. Williams, 99 S.W.3d 709, 717
(Tex. App.—Houston [14th Dist.] 2003, no pet.) (“Hearing examiners wield the
undoubted authority to interpret the relevant statutory provisions and to make a
decision in that regard.”). Section 143.057(j) only provides for a review of whether
the hearing examiner exceeded or was without jurisdiction, or whether the decision
was produced by some unlawful means. See Tex. Loc. Gov’t Code Ann. §
143.057(j). Asserting that a decision made by the hearing examiner is incorrect is not
the same as asserting that the examiner did not have jurisdiction.
          Here, Pagnano applied the rule from section 143.1015(k), applicable only to
certain commission appeals, to Smith’s case, and found that Chief Massey, the author
of the notice of suspension, was required to submit the written statement and charges
to Pagnano at the hearing. See Tex. Loc. Gov’t Code Ann. § 143.1015(k) (“The
director may not send the hearing examiner the department head’s original written
statement. The department head shall submit the written statement and charges to the
hearing examiner at the hearing.”). Although Pagnano erred in applying section
143.1015(k), he had the authority to interpret and apply the statutory provisions and
rules adopted by the Legislature. See City of Garland, 97 S.W.3d at 608; Lindsey,
980 S.W.2d at 236. 
          The City’s allegation that Pagnano misapplied the law in reaching his decision
does not challenge the hearing examiner’s jurisdiction and, thus, does not meet the
requirements of section 143.057(j). Accordingly, we hold that the district court did
not have jurisdiction to hear the City’s appeal under section 143.057(j) of the Texas
Local Government Code.


Declaratory JudgmentThe City also argues that because the district court “had jurisdiction over the
underlying controversy under section 143.057(j), [it] also has jurisdiction over the
City’s request for declaratory judgment.” See Tex. Civ. Prac. & Rem. Code Ann.
§ 37.001 (Vernon 1997). It asserts that “there can be no doubt that a district court has
jurisdiction over an appeal from the unlawful action of the independent hearing
examiner.”
          The Uniform Declaratory Judgments Act (“DJA”) is a remedial statute
designed to settle and to afford relief from uncertainty and insecurity with respect to
rights, status, and other legal relations, and it is to be liberally construed and
administered. Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (Vernon 1997). It
allows courts to declare relief whether or not further relief is or could be claimed. Id.
§ 37.003(a) (Vernon 1997). Such a declaration may be either affirmative or negative
in form and effect and has the “force and effect of a final judgment or decree. Id. §
37.003(b). The DJA provides:
A person interested under a deed, will, written contract, or other writings
constituting a contract or whose rights, status, or other legal relations are
affected by a statute, municipal ordinance, contract, or franchise may
have determined any question of construction or validity arising under
the instrument, statute, ordinance, contract, or franchise and obtain a
declaration of rights, status, or other legal relations thereunder.

Id. § 37.004(a) (Vernon 1997).
          Whether a court has subject matter jurisdiction to hear an action for declaratory
judgment depends upon whether the underlying controversy falls within the
constitutional and statutory jurisdiction of that court. See City of San Antonio v.
United Gas Pipe Line Co., 354 S.W.2d 217, 222 (Tex. App.—Austin 1962, no writ). 
A district court’s jurisdiction “consists of exclusive, appellate, and original
jurisdiction of all actions, proceedings, and remedies, except in cases where
exclusive, appellate, or original jurisdiction may be conferred . . . on some other
court, tribunal, or administrative body.” Tex. Const. art. V, § 8. Thus, these courts
of general jurisdiction will generally have subject matter jurisdiction over a dispute
absent a showing to the contrary. In re Entergy Corp., 142 S.W.3d at 322; Dubai
Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000). 
          In support of its argument that a district court, pursuant to the DJA, has
“jurisdiction over an appeal from the unlawful action of the independent hearing
examiner,” the City relies on Nuchia v. Woodruff, 956 S.W.2d 612 (Tex.
App.—Houston [14th Dist.] 1997, writ denied).
          In Woodruff, the City of Houston brought an appeal in a district court under
section 143.1016(j) of the Texas Local Government Code


 complaining that a hearing
examiner exceeded his statutorily conferred jurisdiction when he modified the
recommendation of a department head. Id. at 615. The City of Houston disputed the
hearing examiner’s authority under the statute to do anything other than grant or deny
the department head’s recommendation. Id. In the alternative, the City of Houston
requested a declaratory judgment that the hearing examiner exceeded his jurisdiction. 
Id. The district court ruled that the City had no statutory authority to appeal an
administrative ruling of an independent hearing examiner, and concluded that it had
no jurisdiction to hear the case. Id. The Fourteenth Court of Appeals reversed,
finding that the City of Houston had “the right to judicial review under the [DJA] to
determine if the hearing examiner in fact exceeded his authority.”


 Id. at 616. It
explained that, although courts generally do not interfere in the statutorily conferred
duties and functions of an administrative agency, “courts can intervene in
administrative proceedings when an agency is exercising authority beyond its
statutorily conferred powers.” Id. (citing Nueces County v. Nueces County Civil Serv.
Comm’n, 909 S.W.2d 597, 598 (Tex. App.—Corpus Christi 1995, no writ)).
          Woodruff is substantively distinguishable from the instant case. Here, again,
the City has alleged that the hearing examiner exceeded his jurisdiction “by applying
an unquestionably inapplicable statutory provision and by failing to apply applicable
statutory provisions,” i.e., the hearing examiner erred in misapplying the law. In
Woodruff, the precise question before the court was whether the hearing examiner
could modify a recommended demotion. 956 S.W.2d at 616. Because the issue
presented in Woodruff was whether or not the hearing examiner “exceeded his
statutorily conferred jurisdiction,” the court held that the district court had subject
matter jurisdiction to determine the issue under the DJA. Id.
          Because section 143.057(j) defines the class of cases that a district court can
hear, its requirements are jurisdictional. See Helton v. R.R. Comm’n of Tex., 126
S.W.3d 111, 118 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (If a statutory
requirement “defines, enlarges, or restricts the class of cause [a] court may decide or
the relief [a] court may award, the requirement is jurisdictional”). Although the DJA
authorizes a district court to award a remedy not otherwise available at common law,
it “does not itself create jurisdiction in the district court to review an agency action
not otherwise reviewable.” Tex. Comm’n of Licensing and Regulation v. Model
Search Am., Inc., 953 S.W.2d 289, 291 (Tex. App.—Austin 1997, no writ.). 
          Section 143.057(j) expressly limits judicial review of a hearing examiner’s
award to situations in which the hearing examiner “was without jurisdiction or
exceeded its jurisdiction [or its] order was procured by fraud, collusion, or other
unlawful means.” Tex. Loc. Gov’t Code Ann. § 143.057(j). Here, the City is not
seeking an interpretation of a statute and a determination of its rights under that
statute as contemplated under the DJA. Rather, it is attempting to appeal a hearing
examiner’s award based on a misapplication of law. This it cannot do. Tex. Natural
Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002) (“The DJA
does not extend a trial court’s jurisdiction, and a litigant’s request for declaratory
relief does not confer jurisdiction on a court or change a suit’s underlying nature.”). 
Accordingly, we hold that the district court did not have jurisdiction to hear the City’s
appeal under the DJA.
          We overrule appellant’s sole issue.Conclusion
          We hold that the district court did not err in granting Smith’s plea to the
jurisdiction and we affirm the order of the district court.

 

 
     Terry Jennings
     Justice


Panel consists of Justices Jennings, Hanks, and Higley.