**CITY OF GARLAND, Texas, Appellant,**

v.

**Jonathan BYRD, Appellee.**

**No. 05–01–01266–CV.**

Court of Appeals of Texas, Dallas.

Aug. 15, 2002.

Charles M. Hinton, Jr., City Attorney, Brad Neighbor, First Asst. City Atty., Garland, Michael J. Betz, Banowsky, Betz & Levine, P.C., Dallas, for appellant

Rhonda Elaine Cates, Lyon, Gorsky, Baskett, Haring & Gilbert, L.L.P., Robert T. Baskett, Lyon, Gorsky, Baskett & Haring, L.L.P., Dallas, for appellee.

Before Justices MORRIS, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice MORRIS.

In this appeal arising from cross-motions for summary judgment, the City of Garland, Texas challenges the trial court's judgment declaring section 143.057 of the

Texas Local Government Code constitutional on its face. The City contends the statute is an unconstitutional delegation of legislative power. After examining the statute in light of the factors specified by the Texas Supreme Court in *Texas Boll Weevil Eradication Foundation, Inc. v. Lewellen,* 952 S.W.2d 454, 472 (Tex.1997), we conclude the statute is constitutional and affirm the trial court's judgment.

### I.

Jonathan Byrd was a police officer with the Garland, Texas police department. In January 2000, the chief of police for Garland indefinitely suspended Byrd for violating department rules. Byrd decided to appeal his suspension as permitted by the local government code. *See* TEX. LOCAL GOV'T CODE ANN. § 143.053 (Vernon 1999). Under section 143.053, Byrd could appeal his suspension to the Fire Fighters' and Police Officers' Civil Service Commission. *Id.* Byrd also had the option of appealing to a private hearing examiner. *See id.* § 143.057. Private hearing examiners are selected either by agreement or, if an agreement cannot be reached, by each party alternately striking names off a list of suggested examiners until one examiner is left. *Id.* § 143.057(d). Under section 143.057, if a suspended police officer chooses to appeal to a private examiner instead of the commission, he waives his right to have a district court review the decision except on the basis that the hearing examiner was without jurisdiction or exceeded his authority or his order was procured by fraud, collusion, or other unlawful means. *See id.* § 143.057(c).

Byrd chose to appeal to a private hearing examiner. The City refused to participate in the hearing and, instead, filed a declaratory judgment action in district court seeking a declaration that section 143.057 is unconstitutional under article III, section I of the Texas Constitution. The City contended the statute constituted an impermissible delegation of legislative power to a private party. Byrd filed a counterclaim seeking a converse declaration of constitutionality and an order requiring the City to comply with section 143.057. Both sides filed motions for summary judgment. The trial court denied the City's motion and granted Byrd's. This appeal followed.

### II.

This case presents a single issue that is divisible into two distinct questions. The issue is whether section 143.057 of the Texas Local Government Code is an unconstitutional delegation of legislative power to a private party. To resolve this issue, we must first determine whether the power granted to the private hearing examiner under section 143.057 is legislative in nature. If this question is answered affirmatively, we must next determine whether the delegation is accompanied by sufficient safeguards to pass constitutional muster.

In his brief on appeal, Byrd contends the duties performed by the private hearing examiner are more judicial in nature than legislative. According to Byrd, the hearing examiner's task is limited to hearing evidence and rendering a decision on a specific dispute. The examiner has no rule making abilities such as would characterize a legislative role. Therefore, Byrd argues, article III, section I of the Texas Constitution, which vests the state's legislative power in the Senate and House of Representatives, is inapplicable to section 143.057. Because article III, section I is the only constitutional provision relied upon by the City to challenge section 143.057, Byrd argues the City's reliance is misplaced and its challenge is without merit.

■ The hiring and firing of city employees is a governmental function. *City of LaPorte v. Barfield,* 898 S.W.2d 288, 291 (Tex.1995). In the case of police officers and fire fighters, the Texas Legislature statutorily granted municipalities the right to establish a Fire Fighters' and Police Officers' Civil Service Commission to oversee this function as well as to manage other supervisory duties over police officers and fire fighters. TEX. LOCAL GOV'T CODE ANN. Ch. 143 (Vernon 1999). If a municipality chooses to implement a civil service commission, the commission is charged with the responsibility of administering the rules and regulations found in chapter 143 of the local government code as well as adopting certain additional civil service rules. *Id.* §§ 143.001, 143.008. It is the duty of the commission to determine if chapter 143 and the rules promulgated pursuant to chapter 143 are being obeyed. *Id.* § 143.009. The legislature granted the commission certain tools to assist it with ensuring compliance with these rules, such as the ability to hold hearings, issue subpoenas, administer oaths, and cause depositions to be taken. *Id.* §§ 143.009, 143.053.

Among the civil service rules that may be promulgated by the commission under chapter 143 are the rules that prescribe cause for removal or suspension of a police officer or fire fighter. *Id.* § 143.008. The commission may suspend or dismiss a police officer or fire fighter only for a violation of civil service rules and only after a finding by the commission of the truth of the charges made against the police officer or fire fighter. *Id.* § 143.053(g). This finding is reached as a result of a hearing. *Id.*

■ If a private hearing examiner conducts a hearing on the suspension of a police officer or fire fighter under chapter 143, the examiner is granted the same duties and powers as the commission. *Id.* § 143.057(f). Accordingly, the examiner stands in the shoes of the commission when he renders his decision. Byrd contends the private examiner is performing a judicial function when he conducts the hearing because the actions taken by the examiner are adjudicatory in nature. Simply because the actions taken by the examiner are adjudicatory in nature, however, does not mean the power being exercised by the examiner is judicial in nature. *See Smith v. Houston Chem. Servs., Inc.,* 872 S.W.2d 252, 274 (Tex.App.-Austin 1994, writ denied).

When the commission holds a hearing and renders a decision on the suspension of a police officer or fire fighter, it is making an administrative decision regarding the discipline of an employee. Although the method employed by the commission to make its decision is similar to that used by courts, the decision itself is not judicial, but an exercise of the supervisory powers delegated to it by the legislature. *See id.; see also Heard v. Incalcaterra,* 702 S.W.2d 272, 275 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.). The commission is simply employing the tools granted to it by chapter 143 to apply and enforce the rules and regulations governing disciplinary actions.

When a private hearing examiner steps into the shoes of the commission and conducts a disciplinary hearing, the power being exercised is the same as that exercised by the commission. It is the power delegated by the legislature to oversee the discipline of police officers and fire fighters. We conclude, therefore, that the power delegated to the private hearing examiner under section 143.057 is legislative rather than judicial.

■ Because we have concluded the power delegated to the private hearing examiner is legislative in nature, we must

next determine whether the delegation is constitutional. In *Texas Boll Weevil Eradication Foundation, Inc. v. Lewellen,* 952 S.W.2d 454 (Tex.1997), the Texas Supreme Court set forth eight factors to be considered when making this type of determination. The eight factors are:

1. Are the private delegate's actions subject to meaningful review by a state agency or other branch of state government?

2. Are the persons affected by the private delegate's actions adequately represented in the decision making process?

3. Is the private delegate's power limited to making rules, or does the delegate apply the law to particular individuals?

4. Does the private delegate have a pecuniary or other personal interest that may conflict with his or her public function?

5. Is the private delegate empowered to define criminal acts or impose criminal sanctions?

6. Is the delegation narrow in duration, extent, and subject matter?

7. Does the private delegate possess special qualifications or training for the task delegated to it?

8. Has the Legislature provided sufficient standards to guide the private delegate in his or her work?

*Id.* at 472. All eight factors must be considered when reviewing the delegation, and no one factor is necessarily determinative. *See Proctor v. Andrews,* 972 S.W.2d 729, 735 (Tex.1998). Furthermore, we must, if possible, interpret the language of the statute in a manner that renders it constitutional. *Id.*

■ With respect to the first of the *Boll Weevil* factors, governmental review of a private hearing examiner's decision is provided by section 143.057(j). This section states that a district court may hear an appeal of a hearing examiner's award on the grounds that the examiner "was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means." Tex. Local Gov't Code Ann. § 143.057(j). The City argues that the review permitted by 143.057(j) is so limited that it fails to allow for the "meaningful review" contemplated by *Boll Weevil.* We disagree.

■ The standard set forth in section 143.057(j) has been interpreted as an "abuse of authority" standard. *See Nuchia v. Tippy,* 973 S.W.2d 782, 786 (Tex. App.-Tyler 1998, no pet.); *see also, Lindsey v. Fireman's & Policeman's Civil Serv. Comm'n of the City of Houston,* 980 S.W.2d 233, 236 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). An abuse of authority occurs when a decision is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. *City of Carrollton Civil Serv. Comm'n v. Peters,* 843 S.W.2d 186, 188 (Tex.App.-Dallas 1992, writ denied). Although the abuse of authority standard may be strict, it is not meaningless. Governmental review of a private delegate's actions is a means to prevent the delegate from exercising his power unchecked. The abuse of authority review performed by a district court under section 143.057(j) fulfills this purpose.

■ In addition, the employee's choice to appeal to a private hearing examiner instead of to the commission broadens the appeal rights available to the City. If the police officer or fire fighter appeals his suspension to the commission, only the police officer or fire fighter has the right to appeal the commission's decision to the district court. *See* Tex. Local Gov't Code Ann. § 143.015(a). The City is not given any right to appeal an adverse commission decision. *Id.* In contrast, section 143.057 places no limitations on who may appeal a hearing examiner's decision. *Id.*

§ 143.057(j). Accordingly, a decision in favor of the disciplined employee may be reviewed only when made by a hearing examiner.[1] Based on the foregoing, we conclude the first factor weighs in favor of constitutionality.

■ Under the second *Boll Weevil* factor, we must examine the level of representation afforded the employee and the City in the private hearing examiner's decision-making process. As noted by the supreme court in *Proctor v. Andrews*, each party is provided adequate participation in the selection of the hearing examiner based on the system of either mutually agreeing to an examiner or alternately striking names from a list of seven candidates. *Proctor*, 972 S.W.2d at 736. During the hearing, the police officer or fire fighter may be represented by counsel. TEX. LOCAL GOV'T CODE ANN. § 143.010(c). Each side may present evidence, and the examiner may only consider the evidence submitted. *Id.* § 143.010(g). This system grants each side the right of full representation in the decision-making process. The second factor, therefore, weighs in favor of constitutionality.

■ The third *Boll Weevil* factor addresses the breadth of the delegate's power. *See Proctor*, 972 S.W.2d at 736. This factor arose out of the supreme court's concern about the extent of power wielded by a private delegate who both devises rules and applies them to the public. *See*

*Boll Weevil*, 952 S.W.2d at 474. Here, the private hearing examiner's power is statutorily limited to deciding whether to permanently dismiss, temporarily suspend, or restore a police officer or fire fighter to his former position and status in the department. TEX. LOCAL GOV'T CODE ANN. § 143.053(e). The examiner can order the police officer or fire fighter suspended or dismissed only after finding that the charges against him are true and that they amount to a violation of the civil service rules. *Id.* § 143.053(g). The examiner has no power to make rules regarding suspension or dismissal, but may apply, interpret, and enforce the rules adopted by the commission and the legislature. *See Lindsey*, 980 S.W.2d at 236. In doing so, the examiner must follow precedential Texas court case law. *See Blair v. Razis*, 926 S.W.2d 784, 789 (Tex.App.-Tyler 1996, no writ). Because the power exercised by the private hearing examiner is more constrained than that which raised concerns in *Boll Weevil*, we conclude this factor weighs in favor of constitutionality.

■ The fourth factor concerns conflicts of interest that may influence the private hearing examiner. The City relies on the fact that it is the police officer or fire fighter who chooses to bring his appeal to a private hearing examiner. *See* TEX. LOCAL GOV'T CODE ANN. § 143.057(a). The City suggests this unilateral ability

---

**1.** The City suggests that because section 143.057(j) does not specify which party has a right to appeal the hearing examiner's decision, the statute is "silent" on the matter of the City's right to appeal. We do not equate the statute's lack of specificity with silence. Section 143.057(j) clearly grants a right of appeal from a hearing examiner's decision. *Compare Firemen's and Policemen's Civil Serv. Comm'n of the City of Fort Worth v. Kennedy*, 514 S.W.2d 237, 239 (Tex.1974) (appeal from administrative decision permitted only where statutorily authorized or action complained of

violates constitutional provision). If the legislature wished to limit the right of appeal to only the aggrieved fire fighter or police officer, it clearly could have done so as it did in section 143.015. *See* TEX. LOCAL GOV'T CODE ANN § 143.015 (Vernon 1999). The fact that the legislature did not similarly restrict section 143.057(j) can only mean that the right of appeal is available to both sides. *See Nuchia v. Tippy*, 973 S.W.2d 782, 784 (Tex.App.-Tyler 1998, no pet.) (hearing examiner's award appealed to the district court by the City of Houston, Texas).

will influence examiners to rule in the employee's favor and thus encourage more police officers and fire fighters to elect to use their services. This issue has previously been addressed for the most part by the supreme court in *Proctor v. Andrews*. *See Proctor,* 972 S.W.2d at 736.

In *Proctor,* the court held that the City's own decisions in the selection of the hearing examiner sufficiently countered any bias the examiner might show in favor of the police officer or fire fighter. *Id.* The selection process gives the City the power to agree to a hearing examiner or to strike names from a list of seven potential examiners. *See* TEX. LOCAL GOV'T CODE ANN. § 143.057(d). Furthermore, it is the City that chooses which of two arbitration associations will create the list of seven potential examiners. Because of the extent of the City's involvement in the selection process, a hearing examiner has no more reason to seek the favor of the employee than it does of the City. The fourth factor weighs in favor of the constitutionality of the delegation.

■ The fifth *Boll Weevil* factor asks whether the private delegate is empowered to define criminal acts or impose criminal sanctions. As the City concedes, this factor is not implicated here. Because the hearing examiner cannot define criminal acts or impose criminal sanctions, this factor weighs in favor of constitutionality. *See Proctor,* 972 S.W.2d at 737.

■ In weighing the sixth factor, we examine the breadth of the delegation to the hearing examiner rather than the specific powers granted to fulfill the delegation such as described in the third and fifth *Boll Weevil* factors. A delegation that is narrow in duration, extent, and subject matter raises fewer constitutional concerns. Byrd stresses in his appellate brief that an examiner hears only a single, specific appeal for which the issues are narrowly drawn. While this is true, there is no limit on the number of cases that may be appealed to a hearing examiner. The balance of the narrow scope of the examiner's duties in a specific case against the potentially numerous decisions that may be rendered by hearing examiners results in this factor weighing neither in favor of nor against constitutionality.

■ The qualifications of the private delegate are the subject of the seventh *Boll Weevil* factor. The City complains that there is no requirement for a private hearing examiner to be trained in civil service matters. The City has the right, however, either to agree to a hearing examiner it feels is qualified or to request a list of "seven qualified neutral arbitrators" from the American Arbitration Association or the Federal Mediation and Conciliation Service. TEX. LOCAL GOV'T CODE ANN. § 143.057(d). The supreme court has acknowledged that the AAA and the FMCS are "specialized entities with acknowledged expertise in selecting appropriately trained arbitrators to serve in particular cases." *Proctor,* 972 S.W.2d at 737. Furthermore, by requiring that the AAA and FMCS choose only "qualified" arbitrators, the legislature has indicated that only the names of arbitrators who are "competent to understand the issues and render decisions" should be included on the list. *Id.* Although the hearing examiner is not required to have specialized training in police and fire fighter personnel matters or civil service law, the examiner is required to be an experienced arbitrator.[2] We conclude the legislature's requirement that the hearing examiner be either agreed to or nominated by an organization that spe-

2. As part of its summary judgment proof, the City submitted the affidavit of Vella Traynham, the Director of Arbitration for the Federal Mediation and Conciliation Service. Traynham testified her office provides parties with "experienced arbitrators."

cializes in providing trained and qualified arbitrators places the seventh *Boll Weevil* factor on the side of constitutionality.

■ The final *Boll Weevil* factor asks whether the legislature has provided sufficient standards to guide the private delegate in his work. *Boll Weevil*, 952 S.W.2d at 472. As noted earlier, a hearing examiner has the same duties, and accordingly must adhere to the same standards, as the commission when conducting a hearing. *See* Tex. Local Gov't Code Ann. § 143.057(f); *Blair*, 926 S.W.2d at 789. Under section 143.010, the legislature requires that the hearing be conducted "fairly and impartially as prescribed by this chapter" and that the decision rendered be "just and fair" based solely on the evidence submitted at the hearing. *See* Tex. Local Gov't Code Ann. § 143.010. Section 143.010 further sets forth the procedure for subpoenaing relevant documents and witnesses and states that witnesses may be placed "under the rule." *Id.*

In addition to the requirements specifically set forth in chapter 143, chapter 143 allows municipalities to adopt additional standards and rules for hearings. *Id.* § 143.008. As part of his summary judgment evidence, Byrd submitted a portion of the civil service rules and regulations adopted by the City. Those rules include requirements for the examination of witnesses, the presentation of documentary evidence, the recordation of the procedure, and the presentation of the decision.

The City argues that private hearing examiners are not required by the organizations with which they are affiliated, such as the FMCS, to abide by the rules and standards set forth in and adopted pursuant to chapter 143. It is only by virtue of chapter 143, however, that private examiners are granted the power to hear appeals by police officers and fire fighters. Chapter 143 states that private hearing examiners have the same duties as well as the same powers as the commission when conducting a hearing. *Id.* § 143.057(f). The power to conduct a hearing cannot be separated from the obligations that accompany it. *See id.* Because private hearing examiners are required to follow the standards and requirements set forth in chapter 143 when hearing an appeal brought under that chapter, we conclude the eighth *Boll Weevil* factor weighs in favor of constitutionality.

■ Of the eight factors considered above, seven factors weigh in favor of constitutionality and one does not weigh strongly in favor of either constitutionality or unconstitutionality. Looking at the delegation as a whole, it is clear that the powers granted to a private hearing examiner are sufficiently limited, guided, and reviewable so as to pass constitutional muster. Contrary to the City's assertion, section 143.057 of the Texas Local Government Code is constitutional. We affirm the trial court's judgment.