Dismissed and Opinion filed February 24, 2004









Dismissed and Opinion filed February 24, 2004.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00399-CV

_______________

 

CITY OF HOUSTON, Appellant

 

V.

 

DONALD CLARK, Appellee

                                                                                                                                               


On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No. 00‑20826

                                                                                                                                               


 

O P I N I O N

 

In
this fire fighter disciplinary action, the City of Houston (the Acity@) appeals a summary judgment entered
in favor of Donald Clark on the grounds that: (1) an individual other than the
Fire Chief may be appointed to temporarily assume the chief=s duties when the chief is
unavailable to perform them; and (2) the hearing examiner was without
jurisdiction to rule on whether the acting fire chief had authority to suspend
Clark.  We dismiss this appeal for lack of
jurisdiction.

 








Background

In
1999, Assistant Houston Fire Department (AHFD@) Chief Chris Connealy, while serving
as acting fire chief, temporarily suspended Clark for a failure to follow HFD
regulations.  Clark appealed his
suspension to a hearing examiner who found that just cause existed for the
suspension, denied Clark=s grievance, and concluded that the suspension should remain
in place.  However, the hearing examiner
also found that the City erred when it allowed an acting fire chief to issue
Clark=s temporary suspension and,
accordingly, granted Clark=s motion to dismiss.[1]  A summary judgment thereafter granted for
Clark based on collateral estoppel was reversed by the First Court of Appeals,
and the case was remanded to the District Court.

On
remand, Clark filed a second motion for summary judgment, seeking a declaratory
judgment that an acting fire chief, not appointed by the Mayor and confirmed by
the City Council, is not within the definition of  Adepartment head@ for purposes of the disciplinary
statutes and therefore lacks authority to suspend members of the Fire
Department.  The City filed a cross
motion for summary judgment and a response in which it requested a declaratory
judgment that an acting fire chief has the full power and authority of the
actual Fire Chief.  The District Court
denied the City=s motion, granted Clark=s, and issued a declaratory judgment
that: (1) the definition of Adepartment head@ in Section 143.117 of the Local
Government Code (the Acode@) does not include an acting fire chief who was not appointed
by the Mayor or confirmed by City Council; (2) assistant fire chiefs who are
temporarily appointed by the Fire Chief to be acting fire chiefs are not
empowered to suspend members of the fire department; and, thus, (3) acting fire
chief Connealy did not have the authority to suspend Clark.  The final order also ordered Clark=s suspension reversed and his wages
and time reinstated.

 








Jurisdiction

Because
subject matter jurisdiction is an issue that is never presumed, cannot be
waived, and may be raised for the first time on appeal, we review the
jurisdiction of the District Court and this court to decide this action.  See Tex. Ass=n of Bus. v. Air Control Bd., 852 S.W.2d 440, 443-45 (Tex. 1993).

                                                    Hearing
Examiner=s Decision








When
a fire fighter appeals a disciplinary decision to a hearing examiner rather
than the Fire Fighters= and Police Officers= Civil Service Commission (the Acommission@), the hearing examiner=s decision is final and binding on
all parties, and the fire fighter automatically waives all rights to appeal to
a district court except as provided by subsection 143.1016(j) of the code.  Tex.
Loc. Gov=t Code Ann. ' 143.1016(c) (Vernon 1999).[2] Although it is clear that a fire
fighter (or police officer) has a right under the code to appeal adverse
decisions of a hearing examiner or the commission, we can find nothing in the
statute to suggest that the municipality (for which the fire fighter works) has
any right of appeal from such decisions. 
Rather, references in Chapter 143 of the code to an appeal that refer to
a party at all refer only to an appeal by a fire fighter or police officer and
never to one by the municipality.[3]  In light of the several provisions that not
only expressly provide the fire fighter or police officer a right of appeal,
but also specify detailed procedures and deadlines for invoking that right, the
absence of even a single such provision for the municipality can reasonably be
interpreted only to mean that no such right or procedures were intended or
exist.  Because the City thus had no
right to appeal the hearing examiner=s decision to the District Court, the
District Court had no jurisdiction to decide that appeal, and we likewise have
no jurisdiction with regard to that decision.

                                                          Declaratory
Judgment

Standing
is a component of subject matter jurisdiction that requires a real controversy
to exist between the parties that will actually be determined by the judicial
declaration sought.  Tex. Workers= Comp. Comm=n v. Garcia, 893 S.W.2d 504, 517-18 (Tex.
1995).  If a live controversy ceases to
exist in a case, the parties lack a legally cognizable interest in the outcome,
or the court=s actions cannot affect the rights of
the parties, the case becomes moot.  Pinnacle
Gas Treating, Inc. v. Read, 104 S.W.3d 544, 545 (Tex. 2003); Williams v.
Lara, 52 S.W.3d 171, 184 (Tex. 2001). 
Courts have no jurisdiction to render advisory opinions on moot
controversies.  Valley Baptist Med.
Ctr. v. Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000); Nat=l Collegiate Athletic Ass=n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999).  The distinctive feature of an advisory
opinion is that it decides an abstract question of law without binding the
parties.  Tex. Ass=n of Bus., 852 S.W.2d at 444.  Thus, the Declaratory Judgments Act is merely
a procedural device for deciding cases already within a court=s jurisdiction, rather than a
legislative enlargement of the court=s power that would permit the
rendition of advisory opinions.  Id.








In
this case, because the hearing examiner=s decision is final and not subject
to appeal, the dispute between the City and Clark with regard to his suspension
is concluded and cannot be affected by any determination on the issues for
which declaratory relief was sought. Therefore, the declaratory judgment
rendered by the District Court is not binding on the parties with regard to any
issue that is currently in dispute between them.  Under these circumstances, there is no live
controversy between the City and Clark regarding his suspension, and the
declaratory judgment rendered by the District Court is purely advisory.  Because we and the District Court have no
jurisdiction to render such advisory opinions, the declaratory judgment action,
as well as the appeal of the hearing examiner=s decision, is dismissed for lack of
subject matter jurisdiction.

 

 

 

 

/s/        Richard
H. Edelman

Justice

 

Judgment rendered and Opinion filed
February 24, 2004.

Panel consists of Justices Edelman,
Frost, and Guzman.

 

 











[1]           Although
it is not apparent from the record how the two decisions of the hearing
examiner are compatible with one another, any contradiction is not material to
the outcome of this appeal.





[2]           Under
subsection (j), a district court may hear an appeal of a hearing examiner=s award only on the grounds that the arbitration panel
was without jurisdiction or exceeded its jurisdiction or that the order was
procured by fraud, collusion, or other unlawful means.  See id. '
143.1016(j).





[3]           See,
e.g., Tex. Loc. Gov=t Code Ann. ' 143.010(a) (Vernon 1999) (Aif a fire fighter or police officer wants to appeal .
. . .@); id. '
143.015(a) (Athe fire fighter or police officer may file a petition
in district court asking that the [commission] decision be set aside.@); id. '
143.034(a) (AIf dissatisfied, the [promotional] candidate may
appeal . . . .@); id. '
143.053(b) (Vernon Supp. 2004) (AIf a
suspended fire fighter or police officer appeals the suspension . . . .@); id. '
143.118(a) (Vernon 1999) (AIf a suspended fire fighter or police officer appeals
a disciplinary suspension . . . .@); id.
' 143.120(a) (Vernon Supp. 2004) (Aif a suspended fire fighter or police officer appeals
. . . .@); id. ' 143.121
(Vernon 1999) (AEach appeal of an indefinite suspension . . . .@).  In Byrd,
the Dallas Court of Appeals recognized that only the police officer or fire
fighter has a right of appeal from a commission decision to the district
court.  See City of Garland v. Byrd,
97 S.W.3d 601, 607 (Tex. App.CDallas 2002, pet. denied).  However, because section 143.057(j) does not
expressly restrict the right of appeal, the court interpreted it to allow the
city to appeal a hearing examiner=s
decision in favor of the employee.  See
id. at 607-08, n.1.  For the reasons
outlined above, we do not agree with this interpretation and decline to follow
it.