IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00214-CV

 

The City of Waco, Texas,

                                                                      Appellant

 v.

 

Larry Kelley,

                                                                      Appellee

 

 

 



From the 74th District Court

McLennan County, Texas

Trial Court # 2002-1959-3

 



Dissenting Opinion



 








      The
majority holds that the district court lacked jurisdiction, and that we thus
lack jurisdiction.  I respectfully
dissent.

      The
City appeals under Local Government Code Section 143.057.  See
Tex. Loc. Gov’t Code Ann.
§ 143.057 (Vernon 1999). 
In most municipalities with a population of less than 1,500,000, Section
143.057 governs appeals to hearing examiners by police officers who are
suspended, demoted, or not promoted; and appeals from hearing examiners to
district court.  See id. § 143.002 (Vernon 1999), § 143.057.  Such an “officer may elect to appeal to an
independent third party hearing examiner instead of to the” Fire Fighters’ and
Police Officers’ Civil Service Commission.  Id. § 143.057(a); see id. § 143.003(1) (Vernon Supp. 2004-2005).  “The hearing examiner’s decision is final and
binding on all parties.”  Id. § 143.057(c).

      Section
143.057 provides that if the “police officer decides to appeal to an
independent third party hearing examiner, the person automatically waives all
rights to appeal to a district court except as provided in Subsection
(j).”  Tex.
Loc. Gov’t Code Ann. § 143.057(c). 
Subsection (j), in turn, provides:

A district court may hear an appeal of a hearing
examiner’s award only on the grounds that the arbitration panel was without
jurisdiction or exceeded its jurisdiction or that the order was procured by
fraud, collusion, or other unlawful means.

Id. (j).

      In
the City’s petition in district court, it alleged that the hearing examiner
exceeded his jurisdiction.  (See I C.R. at 5, 9-13.)

      At
least one court has expressly held that a city may bring an appeal under
Section 143.057(j).  See City of Garland v.
Byrd, 97 S.W.3d 601, 608 n.1
(Tex. App.—Dallas 2002, pet. denied). 
There, the city argued that Section 143.057(j) unconstitutionally
delegated power to the private hearing examiner, and denied the city the right
to appeal.  Id. at 605, 607-608 & n.1.  The Dallas Court held:

The City suggests that because section
143.057(j) does not specify which party has a right to appeal the hearing
examiner’s decision, the statute is ‘silent’ on the matter of the City’s right
to appeal.  We do not equate the
statute’s lack of specificity with silence. 
Section 143.057(j) clearly grants a right of appeal from a hearing
examiner’s decision.  If the legislature wished to limit the right of
appeal to only the aggrieved . . . police officer, it clearly could
have done so as it did in section 143.015. 
The fact that the legislature did not similarly restrict section
143.057(j) can only mean that the right of appeal is available to both sides.

Id. at 608 n.1 (internal citations omitted).  Section 143.015 provides, “If a fire fighter
or police officer is dissatisfied with any commission decision, the fire
fighter or police officer may file a petition in district court asking that the
decision be set aside.”  Tex. Loc. Gov’t Code Ann.
§ 143.015 (Vernon 1999).

      Several
other cases assume without addressing the question that a city can appeal under
Section 143.057(j).  See, e.g., City of San Antonio v. Longoria, No. 04-04-00063-CV,
2004 Tex. App. LEXIS 8426, at *2-*3, *4 (Tex. App.—San Antonio Sept. 22, 2004,
no pet. h.) (mem. op.); Nuchia v. Tippy, 973
S.W.2d 782, 786 (Tex. App.—Tyler 1998, no pet.); Gardner v.
City of Garland, No. 05-93-01535-CV, 1994 Tex. App. LEXIS 3957, at *4-*6 (Tex. App.—Dallas
Aug. 31, 1994, no pet.) (not designated for publication).

      The
sole case on which the majority relies is City
of Houston v. Clark, 142 S.W.3d 350 (Tex. App.—Houston [14th Dist.] 2004, pet. filed).  That case interprets Local Government Code Section
143.1016(j), which is worded the same as Section 143.057(j), but governs
municipalities with a population of 1,500,000 or more.  See
Tex. Loc. Gov’t Code Ann.
§§ 143.101, 143.1016(j) (Vernon 1999).  Clark holds, “we can find nothing in the statute to
suggest that the municipality . . . has any right of appeal.”  Clark at 352. 
The 14th
 Court
cites several instances where Local Government Code Chapter 143 expressly gives
the police officer the right of appeal, and concludes that the Legislature did
not intend to do so in Section 143.1016(j). 
Id. at 353 & n.3.  Those instances are better understood as
showing that the Legislature knew how to limit appeals to the police officer
when it intended to do so, but did not intend to do so in Section 143.1016(j)
or thus in Section 143.057(j).  See Byrd, 97 S.W.3d at 608 n.1.

      We
should hold that we have jurisdiction, and address the merits of the case.  Because the majority does not, I respectfully
dissent.

      Finally,
I must also address the process under which the majority’s opinion and
therefore my dissenting opinion are being issued.  The normal procedure for this Court is to
issue opinions on Wednesday of each week. 
We did so this week on October 27, 2004.  Thus,
under our normal procedure, no opinions would issue again until November 3,
 2004, the day after the
general election.  However, the majority
opinion and therefore this dissenting opinion are being issued on Friday,
 October 29, 2004.  They are being treated as an exception to the
regular procedures.  Though I have tried,
I have been unable to obtain an explanation for the need or purpose of issuing
opinions in this case at this time. 
Likewise, I was unable to obtain an explanation for a change in the
designation of authorship of the majority opinion after the opinion was
circulated.  I join neither irregularity.

TOM GRAY

Chief Justice

Dissenting opinion delivered and filed October
 29, 2004

[CV06]