**CITY OF LANCASTER,**
Texas, Appellant

v.

**David CLOPTON, Appellee.**

No. 05–07–00210–CV.

Court of Appeals of Texas,
Dallas.

Feb. 29, 2008.

Robert E. Hager, Karen S. Nelson, Nichols, Jackson, Dillard, Hager & Smith, L.L.P., Dallas, for Appellant.

Barbara L. Emerson, Haakon T. Donnelly, Bellinger & DeWolf L.L.P., Dallas, for Appellee.

Before Justices WHITTINGTON, BRIDGES and FRANCIS.

## OPINION

Opinion by Justice WHITTINGTON.

The City of Lancaster, Texas filed a petition for declaratory judgment, seeking to set aside the hearing examiner's award reinstating firefighter David Clopton's employment. The trial judge granted summary judgment affirming the hearing examiner's award in favor of Clopton. In two issues, the City contends (i) Texas Local Government Code section 143.057(j) is unconstitutional and (ii) a fact issue exists as to whether the hearing examiner exceeded the scope of his jurisdiction or unlawfully rendered the award.[1] We affirm the trial court's judgment.

---

1. In a third issue, the City claimed the trial court lacked authority to grant mandamus relief to enforce the hearing examiner's award. At oral argument, however, the City

## Background

Clopton, a firefighter for the City, was placed on indefinite suspension after a random drug test was positive for marijuana. The City had adopted the Municipal Civil Service Act for Firefighters and Police Officers set out in Texas Local Government Code Chapter 143. *See* Tex. Local Gov't Code Ann. Chapter 143 (Vernon 2008). Under section 143.057, Clopton had the option to appeal his indefinite suspension to the civil service commission or to a hearing examiner. *See* Tex. Local Gov't Code Ann. § 143.057(a). Clopton appealed his suspension to an independent third party hearing examiner. The hearing examiner's award sustained the charge against Clopton but reduced the indefinite suspension to disciplinary suspension without pay. The City filed a petition for declaratory judgment in the district court appealing the hearing examiner's award. *See* Tex. Local Gov't Code Ann. § 143.057(j). Clopton filed a traditional and a no-evidence motion for summary judgment. Without stating the grounds, the trial judge granted Clopton's motion for summary judgment. The City appealed to this Court.

## Constitutionality Challenge

In its first issue, the City asserts that as applied, Texas Local Government Code section 143.057(j) is an unconstitutional delegation of legislative authority to a private entity. *See* Tex. Local Gov't Code Ann. § 143.057(j).

 The City did not raise the issue of constitutionality of section 143.057(j) in its pleading for declaratory judgment. The record further confirms the City did not raise the constitutional challenge to section 143.057(j) in its response or supple-

mental response to Clopton's motion for summary judgment. The City asserted the unconstitutionality of section 143.057(j) for the first time in its motions for rehearing, to set aside the summary judgment, for new trial, or alternatively, to modify the judgment. Alleged unconstitutionality of the statute raised for the first time in the City's postjudgment motions did not bring the issue before the trial court and will not be considered by this Court. *See City of San Antonio v. Schautteet,* 706 S.W.2d 103, 104 (Tex.1986). *See* Tex.R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.") "Even constitutional challenges not expressly presented to the trial court by written motion, answer or other response to a motion for summary judgment will not be considered on appeal as grounds for reversal." *Lynch v. Port of Houston Auth.,* 671 S.W.2d 954, 957 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.). *See also Hill v. Milani,* 678 S.W.2d 203, 205 (Tex.App.-Austin 1984), *aff'd,* 686 S.W.2d 610 (Tex.1985); *Benson v. City of San Antonio,* 715 S.W.2d 143, 144 (Tex. App.-San Antonio 1986, writ ref'd n.r.e.) (constitutional challenge to city charter's notice-of-claim provision cannot be presented for first time in a motion for new trial challenging summary judgment).

Because the City did not raise the issue of constitutionality of the statute in its petition or its responses to Clopton's motion, the issue is waived. We overrule the City's first issue.

## Summary Judgment

In its second issue, the City contends a fact issue exists as to whether the hearing examiner unlawfully rendered the award

advised the Court this issue had been resolved. Therefore, the City's third issue is

moot and we need not address it. *See* Tex. R.App. P. 47.1.

or exceeded the scope of his jurisdiction, resulting in an improperly granted summary judgment.

The standard for reviewing a traditional summary judgment is well established. *See* TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant who moves for summary judgment must show the plaintiff has no cause of action. A defendant may meet this burden by either disproving at least one essential element of each theory of recovery or conclusively proving all elements of an affirmative defense. *See Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982). We consider the evidence in the light most favorable to the nonmovant. *See Nixon*, 690 S.W.2d at 549. After the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence creating a fact issue. *See Kang v. Hyundai Corp.*, 992 S.W.2d 499, 501 (Tex. App.-Dallas 1999, no pet.).

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX.R. CIV. P. 166a(i); *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Gen. Mills*, 12 S.W.3d at 833. When analyzing both traditional and no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant. *See Nixon*, 690 S.W.2d at 549 (traditional summary judgment); *Gen.*

*Mills*, 12 S.W.3d at 833 (no-evidence summary judgment).

Where, as here, the summary judgment does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

■■■ A hearing examiner has the same duties, and accordingly must adhere to the same standards, as the civil service commission when conducting a hearing. *See* TEX. LOCAL GOV'T CODE ANN. § 143.057(f); *City of Garland v. Byrd*, 97 S.W.3d 601, 610 (Tex.App.-Dallas 2002, pet. denied). Under section 143.010, the legislature requires that the hearing be conducted "fairly and impartially as prescribed by this chapter" and that the decision rendered be "just and fair" based solely on the evidence admitted at the hearing. *See* TEX. LOCAL GOV'T CODE ANN. § 143.010(g); *Byrd*, 97 S.W.3d at 610. The hearing examiner's authority includes applying, interpreting, and enforcing rules adopted by the civil service commission and the procedural rules the legislature has adopted to govern suspensions. *See Byrd*, 97 S.W.3d at 608; *Lindsey v. Fireman's & Policeman's Civil Serv. Comm'n of Houston*, 980 S.W.2d 233, 236 (Tex.App.-Houston [14th Dist.] 1998, pet. denied).

■■■ The decision of an independent third-party hearing examiner is ordinarily final and binding on all parties. *See* TEX. LOCAL GOV'T CODE ANN. § 143.057(c). While a party may challenge the hearing examiner's decision in district court, an appeal from the independent hearing examiner's decision is severely circumscribed. *See City of Houston v. Clark*, 197 S.W.3d 314, 320 (Tex.2006). The authority of a trial judge to set aside a hearing examiner's order is restricted to the grounds that the hearing examiner was

without jurisdiction or exceeded his jurisdiction or the order was procured by fraud, collusion, or other unlawful means. TEX. LOCAL GOV'T CODE ANN. § 143.057(j); *City of Pasadena v. Smith,* 2006 WL 2640410, at *3, —— S.W.3d ——, —— (Tex. App.-Houston [1st Dist.] Sept. 14, 2006, pet filed). "The standard set forth in section 143.057(j) has been interpreted as an 'abuse of authority' standard." *Byrd,* 97 S.W.3d at 607. An abuse of authority occurs when a decision is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. *Byrd,* 97 S.W.3d at 607; *City of Carrollton Civil Serv. Comm'n v. Peters,* 843 S.W.2d 186, 188 (Tex.App.-Dallas 1992, writ denied).

The issue before the hearing examiner was the City's imposition of indefinite suspension upon Clopton. Clopton's appeal to the hearing examiner included the statutory challenge that the discipline did not fit the alleged offense.

The evidence before the trial judge in considering Clopton's motion for summary judgment included the hearing examiner's award, the transcript of the hearing before the hearing examiner, the testimony of the witnesses before the examiner which included testimony about the City's operating procedures, the City's Personnel Policy and Procedures Manual, the investigative file, the City's Fire Department's Creed, and the City's Civil Service Rules and Regulations.

■ In response to Clopton's motion for summary judgment, the City contended it had a zero-tolerance policy for illegal drug usage and asserted it proved the existence of a zero-tolerance policy. However, the record of the hearing before the examiner contains no evidence of a zero-tolerance policy or that illegal drug usage mandated indefinite suspension. Based on the evidence presented, including the testimony of the Fire Chief, the hearing examiner

found the City had a second-chance policy and the City's policies would allow a temporary suspension, a form of progressive discipline. The City's Fire Department's Creed includes the representation of a "second chance management." The record contains the Fire Chief's testimony that he weighed various factors in reaching his disciplinary determination and he could have utilized progressive discipline short of indefinite suspension but elected not to do so. The record confirms evidence before the hearing examiner that the City considered Clopton's employment application, in which he admitted use of drugs some time prior to applying for employment and more than ten years prior to the positive drug test at issue, to be Clopton's first chance or first strike. However, the record establishes Clopton was never informed his admitted illegal drug use in the employment application was considered his first chance or first strike in a second-chance termination policy. Based on the evidence presented at the hearing, the hearing examiner found, "The rules and law in this case do not make a controlling statement that any failed illegal substance test results only in termination, whether discharge or indefinite suspension...."

■ A hearing examiner has the authority and jurisdiction to reduce the length of an indefinite suspension, even if the charges are found to be true. *See City of Waco v. Kelley,* 226 S.W.3d 672, 679 (Tex. App.-Waco 2007, pet. granted); *City of Laredo v. Leal,* 161 S.W.3d 558, 563–64 (Tex.App.-San Antonio 2004, pet. denied). After careful review of the record, we conclude the hearing examiner's determination was not arbitrary or capricious. The summary judgment evidence shows the hearing examiner did not abuse his authority, and there is no fact issue that the hearing examiner unlawfully rendered the award or that the hearing examiner ex-

ceeded the scope of his jurisdiction by reducing the length of Clopton's suspension after finding the illegal drug use true. Therefore, the trial judge did not err in rendering judgment for Clopton. We overrule the City's second issue.

We affirm the trial court's judgment.