Reversed and Rendered and Opinion filed May 29, 2008








Reversed and Rendered and Opinion filed May 29, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00299-CV

_______________

 

CITY OF SANTA FE, TEXAS, Appellant

 

V.

 

VICTOR BOUDREAUX and JEREMY CREECH, Appellees

                                                                                                                                               


On Appeal from the 56th District Court

 Galveston County, Texas

Trial Court Cause No. 05CV0226

                                                                                                                                               


 

O P I N I O N








In this contract dispute, the
home-rule City of Santa Fe, Texas (the ACity@) contends that a provision of the
collective bargaining agreement between the City and its police department is
unenforceable because it violates the City=s Charter and the Texas
Constitution.  Specifically, the City argues that the provision allowing
disciplined police officers to appeal to a Citizen=s Review Committee represents an
unconstitutional private delegation of legislative authority.  We agree and
therefore reverse and render judgment for the City.

I.  Factual
and Procedural Background

The City of Santa Fe terminated the
employment of police officers Victor Boudreaux and Jeremy Creech (the AOfficers@) on April 19, 2004.  Under the terms
of a collective bargaining agreement between the City and its police department
(the ACBA@), both Officers appealed their
termination.  The Officers and the City then participated in a dispute
resolution process.  After an unsuccessful mediation, the Officers provided
written notification to the City invoking the final disciplinary appeal step
outlined in the CBA:  a hearing conducted by a Citizen=s Review Committee (the ACommittee@).  The hearing was scheduled for
September 21, 2004.  The members of the Committee, the City, and the Officers
appeared for the hearing, but a third officer who was also appealing a
disciplinary action failed to appear.  Consequently, the hearing was postponed.

On October 14, 2004, the City
Attorney advised the City that the CBA provision providing for an appeal to the
Committee conflicted with Texas law and the City Charter.  The City informed
the Officers that it would not participate further in the appeal process. 
Nevertheless, the Officers rescheduled the hearing before the Committee for
November 23, 2004 and notified the City and the Committee members accordingly. 
The City responded by informing the Committee members that the City would not
participate.  The Officers appeared for the November hearing, but the City and
the Committee members did not.

The Officers then filed a new
grievance alleging that the City interfered with the Officers= contractual rights of appeal under
the CBA by expressing its opinion to the Committee members that such an appeal
conflicted with Texas law and the City Charter.  The City responded that no
contractual violation had occurred and refused to participate in the
arbitration step of the grievance process.








The Officers therefore filed suit in
district court, asking for a declaration of the parties= rights and for appropriate orders or
writs to compel the City to comply with the CBA.  The parties agreed to resolve
the dispute on cross-motions for summary judgment.  The trial court granted the
Officers= motion for summary judgment and
ordered the City to Aparticipate in the Disciplinary Appeal Process as set forth
in the Collective Bargaining Agreement filed with the Agreed Statement of Facts
in this case.@[1]  This appeal ensued.

II.  Issue
Presented

In a single issue, the City
challenges the trial court=s judgment in favor of the Officers and against the City.

III. 
Standard of Review

The parties presented cross-motions
for summary judgment on undisputed facts; thus, we review the cross-motions for
summary judgment by determining all legal questions presented for review.  Goebel
v. Brandley, 174 S.W.3d 359, 362 (Tex. App.CHouston [14th Dist.] 2005, pet.
denied).  Each party bears the burden of establishing that it is entitled to
judgment as a matter of law.  Id.  Statutory construction is a question
of law which we also review de novo.  City of Rockwall v. Hughes, 246
S.W.3d 621, 625 (Tex. 2008).  We then render the judgment that the trial court
should have rendered.  City of Garland v. Dallas Morning News, 22 S.W.3d
351, 356B57 (Tex. 2000) (plurality op.).

IV.  Analysis








            The City argues that the
provision of the CBA permitting disciplinary actions to be appealed to a
Citizen=s Review Committee is void as a
matter of law because (a) the City Charter gives the City Manager
exclusive control over the hiring and firing of police officers, (b) the
City cannot delegate its decision-making authority, (c) section 174.005 of
the Texas Local Government Code cannot expand the City=s authority, (d) section 174.005
cannot authorize unconstitutional acts, and (e) the CBA provision is
unconstitutional.  Because its final argument is dispositive, we do not address
the City=s remaining arguments.

A.          Enforceability of the ACitizen=s Review Committee@ Provision

The essence of the City=s fifth argument is that the CBA
provision authorizing an appeal of a disciplinary decision to a Citizen=s Review Committee is unenforceable
because it is unconstitutional.  Specifically, the City contends that the Texas
constitution prohibits the delegation of governmental or legislative powers to
private entities such as the Citizen=s Review Committee.  See Tex. Const. art. III, ' 1.[2]


If legislative power has been
delegated to a private entity, then we begin our review with the presumption
that the delegation was constitutional, then analyze the delegation under the
factors set forth in Texas Boll Weevil Eradication Foundation, Inc. v.
Lewellen to determine if the presumption of constitutionality has been
rebutted.  952 S.W.2d 454, 472 (Tex. 1997) (analyzing a facial challenge
to the constitutionality of a statute).  In performing this review, we read the
delegation narrowly to uphold its validity if possible.  Id. at 475. 
First, however, we must determine if a private delegation of legislative power
occurred.

1.         Private
Delegation

Appellees argue that delegation to
the Citizen=s Review Committee is permissible because it is not a Aprivate delegation.@  But cf. id. at 469
(differentiating delegation Ato a private individual or group@ from delegation to Aanother department or agency of
government@).  The CBA describes the formation of the Committee as follows:








If a disciplinary action is appealed
to the Citizen=s Review Committee, the [Santa Fe Police Officers=] Association and the City shall each
appoint one member to the Committee.  The two appointees shall attempt to agree
upon a third member within five days of appointment.  In the event they are
unable to agree, each will submit the names of two prospective committee
members and the third member will be determined by drawing from those four
names.  All appoint [sic] must be residents of the City and must have been
registered to vote at the time the incident which is being appealed occurred. 
No appointee shall be a relative of any employee or elected official of the
City, however, elected officials themselves may be appointed.  

CBA, art. XX, ' 3(A). The CBA further provides:


The conduct of hearings under this Article shall be
governed by the rulings of the Committee.  In the event of a dispute concerning
the presentation of certain evidence or testimony of witnesses, the Committee=s ruling shall resolve the dispute.

The Citizens= Review Committee shall have all the
power to overturn, reduce, or uphold suspensions, terminations, and demotions. 
The decision of the Citizen=s Review Committee is final and not subject to appeal.

CBA, art. XX, ' 3(B).  Thus, the Committee is
composed of City residents whose powers are defined by contract rather than by
legislation; who are appointed for particular proceedings; and who devise their
own methods to produce non-reviewable decisions.  

Based on the foregoing, we conclude
that Citizens Review Committee is a private group exercising broad delegated
powers.  We next address the nature of those powers.

2.         Legislative
Power

A delegation of legislative power
occurs when an entity is given a public duty and the discretion to set public
policy, promulgate rules to achieve that policy, or ascertain conditions upon
which existing laws will apply.  FM Props. Operating Co. v. City of Austin,
22 S.W.3d 868, 879B80 (Tex. 2000).  Relying on City of Garland v. Byrd,[3]
the City contends that the powers delegated to the Committee are legislative,
and that such legislative powers cannot be delegated.  








Although we disagree with the City=s assertion that legislative powers
are nondelegable by nature,[4] we agree that
the power to oversee the discipline of police officers is legislative, as Byrd
illustrates.  In that case, the City of Garland had adopted the Afire fighters= and police officers= civil service law.@  See Tex. Loc. Gov=t Code Ann. ' 143.001 et seq. (hereinafter, AChapter 143@).  Chapter 143 provides for the
establishment of a Fire Fighters= and Police Officers= Civil Service Commission, and allows
a police officer who has been suspended indefinitely to appeal to the
Commission or to a private hearing examiner.  Id. '' 143.053 (appeal to the
Commission), 143.057 (appeal to an independent third-party hearing examiner). 
The City of Garland argued that section 143.057 permitting an appeal to a
private examiner constituted an unconstitutional delegation of legislative
power.  Byrd, 97 S.W.3d at 605.  In considering this argument, the Fifth
Court of Appeals reasoned as follows:

When the commission holds a hearing and renders a
decision on the suspension of a police officer or fire fighter, it is making an
administrative decision regarding the discipline of an employee. Although the
method employed by the commission to make its decision is similar to that used
by courts, the decision itself is not judicial, but an exercise of the
supervisory powers delegated to it by the legislature.  The commission is
simply employing the tools granted to it by chapter 143 to apply and enforce
the rules and regulations governing disciplinary actions.








When a private hearing examiner steps
into the shoes of the commission and conducts a disciplinary hearing, the power
being exercised is the same as that exercised by the commission.  It is the
power delegated by the legislature to oversee the discipline of police officers
and fire fighters.  We conclude, therefore, that the power delegated to the
private hearing examiner under section 143.057 is legislative rather than
judicial.

Id. (citations omitted).  For reasons similar to those
set forth in Byrd, we conclude that the powers delegated to the Citizen=s Review Committee are legislative.  See
also City of LaPorte v. Barfield, 898 S.W.2d 288, 291 (Tex. 1995) (A[T]he hiring and firing of city
employees is clearly a governmental function.@).  And although the powers delegated
here were assigned by contract rather than by legislation, the legislative
nature of these powers is unchanged.  

Having determined that the Citizen=s Review Committee acts through a
private delegation of legislative power, we next determine if the delegation is
constitutional. 

B.        Constitutionality Factors 

Although the delegation of
legislative powers may be desirable or even necessary in some cases, private
delegations raise Atroubling constitutional issues.@  Tex. Boll Weevil, 952 S.W.2d
at 469.  As the Texas Supreme Court explained:

On a practical basis, the private
delegate may have a personal or pecuniary interest which is inconsistent with
or repugnant to the public interest to be served.  More fundamentally, the
basic concept of democratic rule under a republican form of government is
compromised when public powers are abandoned to those who are neither elected
by the people, appointed by a public official or entity, nor employed by the
government.  Thus, we believe it axiomatic that courts should subject private
delegations to a more searching scrutiny than their public counterparts. 

Id.  To determine whether a private delegation of
legislative power is constitutional, we consider the following factors:

1.         Are the private delegate=s actions subject to meaningful review by a state
agency or other branch of state government?








2.         Are the persons affected by the private
delegate=s actions adequately represented in the
decision-making process?

3.         Is the private delegate=s power limited to making rules, or does the delegate
also apply the law to particular individuals?

4.         Does the private delegate have a pecuniary
or other personal interest that may conflict with its public function?

5.         Is the private delegate empowered to define
criminal acts or impose criminal sanctions?

6.         Is the delegation narrow in duration,
extent, and subject matter?

7.         Does the private delegate possess special
qualifications or training for the task delegated to it?

8.         Has
the Legislature provided sufficient standards to guide the private delegate in
its work? 

Id. at  472.  In assessing these factors, we are mindful
that delegations to private entities Aare subject to more stringent
requirements and less judicial deference than public delegations.@  FM Props. Operating Co., 22
S.W.3d at 874; see also Proctor v. Andrews, 972 S.W.2d 729, 735 (Tex.
1998); Tex. Boll Weevil, 952 S.W.2d at 469B70.  

After assessing these factors under
the relevant standard of review, we have determined that, for the reasons
discussed below, six of the eight Boll Weevil factors weigh heavily
against a conclusion of constitutionality. 

1.         No
Meaningful Review

            To determine the extent
of Ameaningful review,@ a comparison may be helpful.  If the
City of Santa Fe had adopted chapter 143 of the Local Government Code, then
disciplined officers could choose to appeal to an independent hearing
examiner.  The hearing examiner=s decision would be Afinal and binding on all parties@ except for a statutory exception. 
Specifically, a hearing examiner=s award could be appealed to the
district court Aon the grounds that the arbitration panel was without
jurisdiction or exceeded its jurisdiction or that the order was procured by
fraud, collusion, or other unlawful means.@  Tex.
Loc. Gov=t Code Ann. ' 143.057.








In contrast, A[t]he decision of the Citizen=s Review Committee is final and not
subject to appeal.@ (emphasis added).  Thus, there is no analogous remedy for a
decision that is arbitrary and capricious, beyond the Committee=s jurisdiction, or fraudulently
obtained.  In brief, the Citizen=s Review Committee is subject to Athe arbitrary exercise of power.@  See Tex. Boll Weevil, 952
S.W.2d at 471 (quoting Office of Public Ins. Counsel v. Tex. Auto. Ins. Plan,
860 S.W.2d 231, 237 (Tex. App.CAustin 1993, writ denied)). 

2.         Adequacy of Representation

The CBA offers no assurance that the
affected parties will be adequately represented.  The CBA provides that A[t]he appealing officer or his
representative may present testimony, examine and cross-examine witnesses, and
submit any other evidence that is pertinent to the hearing.@  But the unlike hearings before a
commission acting pursuant to chapter 143 of the Local Government Code, the
hearings described in the CBA are governed by the rules created and interpreted
by the Committee, and contain no requirement that the officer=s representative be allowed to
attend.  Cf. Tex. Loc. Gov=t Code Ann. ' 143.010(c) (AIn each hearing, appeal, or review of any kind in which the
commission performs an adjudicatory function, the affected fire fighter or
police officer is entitled to be represented by counsel or a person the
fire fighter or police officer chooses.@) (emphasis added); Byrd, 97
S.W.3d at 608 (relying in part on section 143.010(c) in concluding that
employees were adequately represented in the decision-making process).  Thus,
this factor weighs against a finding of constitutionality. 

3.         Rule-making
Authority








Contrary to the Officers= contentions, the Committee also has
rule-making authority and applies those rules to particular individuals. 
Specifically, the CBA permits the Committee to hold hearings under rules of its
own devising: AThe conduct of hearings under this Article shall be governed by the
rulings of the Committee.  In the event of a dispute concerning the
presentation of certain evidence or testimony of witnesses, the Committee=s ruling shall resolve the dispute.@  The Committee then applies these
rules to the particular officers appearing before it: 

The award of the Citizen=s Review Committee shall state which
particular factual charges it finds to be true, if any, and the particular
rules it finds such conduct to have violated, if any.  Where the charges are
upheld, the award shall state whether the discipline imposed is upheld, or
whether some lesser discipline or no discipline is
substituted. . . . The Citizen=s Review Committee shall have all the
power to overturn, reduce, or uphold suspensions, terminations, and demotions.[5]

Thus, the Committee may create rules
tailored to reach a particular outcome in the case before it.  Cf. Tex. Loc. Gov=t Code Ann. ' 143.010(g) (Vernon 2008) (AThe commission shall conduct the
hearing fairly and impartially as prescribed by this chapter and shall render a
just and fair decision.  The commission may consider only the evidence
submitted at the hearing.@); Blair v. Razis, 926 S.W.2d 784, 789 (Tex. App.CTyler 1996, no writ) (holding that Ahearing examiners referred to in
section 143.057, Tex. Loc. Gov=t Code have the same obligation to follow precedent Texas court
case law as a Civil Service Commission.@).  This factor is another indication
that the CBA provision is unconstitutional. 

4.         Conflicting Interests








Although both the Officers and the
City participate in selecting Committee members, the appointment process under
the CBA allows the parties to staff the Committee entirely with interested
parties.  Cf. Tex. Loc. Gov=t Code Ann. ' 143.057(d) (under Chapter 143, if parties do not agree to
the selection of an Aimpartial hearing examiner,@ then the selection is made from Aa list of seven qualified neutral
arbitrators from the American Arbitration Association or the Federal Mediation
and Conciliation Service@); Proctor, 972 S.W.2d at 736 (noting that the
American Arbitration Association and the Federal Mediation and Conciliation
Service Aare highly respected entities with
expertise in the area of arbitration@ and Ahave no private interest at stake@).  The CBA does not refer to
Committee members as Adisinterested,@ Aimpartial,@ or Aneutral,@ and the appointees are not chosen by
a process involving public consent.  Cf. Tex. Boll Weevil, 952 S.W.2d at
471B72.  No special training or
qualifications are required, and appointees are not required to swear an oath
to uphold the law.  This is another factor weighing against constitutionality.

5.         Criminal
Acts or Sanctions

The Committee is not authorized to
define criminal acts or impose criminal sanctions.  However, this is one of
only two factors that do not weigh in favor of the conclusion that the Citizen=s Review Committee exercises an
unconstitutional delegation of legislative power. 

6.         Duration, Extent, and Subject Matter

The work of a given Citizen=s Review Committee is limited in
duration, extent, and subject matter.  Because the work of the Committee is
limited in time and scope to the particular proceeding before it, this factor
does not undermine the constitutionality of the delegation.  See Byrd,
97 S.W.3d at 609 (AA delegation that is narrow in duration, extent, and subject
matter raises fewer constitutional concerns.@).

7.         Qualifications
or Training








The sole qualifications to serve on
the Citizen=s Review Committee are that the appointee (a) is currently a
resident of the City; (b) was registered to vote at the time the incident
being appealed occurred; and (c) is not a relative of an employee or
elected official of the City, although elected officials themselves may be
appointed.  The CBA provides no means to discover or disqualify an appointee
for actual bias.  In addition, no training or experience is required.  Appointees
are not required to be familiar or become familiar with the rules of evidence,
standards governing police conduct, the policies and agreements governing the
officer=s employment, or methods or
procedures for arbitration or mediation.  Cf. id. (holding that this
factor weighs in favor of constitutionality where the hearing examiner is an
experienced arbitrator).  This is yet another factor indicating
unconstitutionality.

8.         Guiding
Standards

Under the CBA, the Committee is
guided almost entirely by the standards it creates for itself.  The CBA
provides:

The City shall be required to prove
by a preponderance of the evidence that the discipline imposed was for just
cause.  The appealing officer or his representative may present testimony,
examine and cross-examine witnesses, and submit any other evidence that is
pertinent to the hearing.  The City agrees that it will assist in making
available witnesses who are employed by the City.

Because the Committee receives no
other evidentiary guidelines and may make its rulings without concern for
review, biased appointees may reach a predetermined outcome while still
complying with these requirements.  

C.        Delegation Unconstitutional








We recognize that courts must use the
Anondelegation doctrine@ sparingly; thus, we consider
legislative delegations narrowly to uphold their validity when possible.  Tex.
Boll Weevil, 952 S.W.2d at 475.  Yet we have also been warned to guard
against A>allowing delegation of power to
exercise unguided discretion in individual cases . . . .@  Id. at 466 (quoting  Kenneth Culp Davis, 1 Administrative Law
Treatise ' 3.1, at 150 (2d ed. 1978)).  This is precisely the situation presented by
an appeal to the Committee as described in the CBA.  The availability of
meaningful review is particularly important in the analysis of delegation to
private interested parties,[6] but here, the
Committee acts with Aunguided discretion,@ without Ameaningful review@ and without a requirement that its
members be disinterested.  Because the Texas Boll Weevil factors weigh
heavily against this provision, we conclude that the provision violates the
Texas Constitution.  Thus, the City cannot be lawfully required to comply with
this provision of the CBA.

V.  Conclusion

We hold that an appeal to a Citizen=s Review Committee as described in
article XX, section 3 of the 2002B2003 collective bargaining agreement
between the City and the Santa Fe Police Officers= Association constitutes an
unconstitutional private delegation of legislative power.  We therefore reverse
the judgment of the trial court and render declaratory judgment that this
provision of the CBA is void, and thus, unenforceable. 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment
rendered and Opinion filed May 29, 2008.

Panel
consists of Justices Yates, Guzman, and Brown. 









[1]  In their motion for summary judgment, the Officers
sought a declaration of their rights and the City=s obligations under the CBA.  In addition, they asked the trial court
to issue Aan order . . . requiring the
[City] to fulfill its contractual obligations to the police officers under the
CBA pursuant to Local Government Code ' 174.251,
including any necessary writs, injunctions or orders to compel compliance with
the CBA.@  See Tex.
Loc. Gov=t Code Ann. ' 174.251 (Vernon 2008).





[2]  Although the City also cites to article XI, section
5 of the Texas Constitution (addressing home rule cities), the assertion of the
Anondelegation doctrine@ is founded on the separation of powers.  Proctor v. Andrews,
972 S.W.2d 729, 732B33 (Tex. 1998).





[3]  97 S.W.3d 601, 606 (Tex. App.CDallas 2002, pet. denied).  





[4]  We reject the City=s argument that the City Charter grants the City Manager exclusive
authority to terminate the employment of police officers.  First, the powers of
the City are vested in the City Council rather than the City Manager.  Home
Rule Charter, City of Santa Fe, Texas, art. III, '' 3.01, 3.10.  And although the Charter also permits the
administration of a department by an officer appointed by the City Manager if
approved by the City Council, the Charter does not address whether the City
Manager or the department head is responsible for terminating the employment of
subordinate employees.  See id. art. V, '' 5.01(b) and 5.01(c).  

We must also reject the City=s contention that legislative powers are necessarily
non-delegable.  As the Texas Supreme Court explained in Texas Boll Weevil,
A[e]ven in a simple society, a legislative body would
be hard put to contend with every detail involved in carrying out its laws; in
a complex society it is absolutely impossible to do so. Hence, legislative
delegation of power to enforce and apply law is both necessary and proper.@ 952 S.W.2d at 466 (citing Field v. Clark, 143
U.S. 649, 693B94, 12 S. Ct. 495, 504B05 (1892)). 





[5]  CBA, art. XX, ' 3(B).





[6]  FM Props., 22 S.W.3d at 880.